386 A.2d 43

**COMMONWEALTH of Pennsylvania**

**v.**

**Sue WYANT, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided April 28, 1978.

Norman A. Levine, Assistant Public Defender, New Castle, for appellant.

Donald E. Williams, District Attorney, New Castle, for Commonwealth, appellee.

Before WATKINS, President Judge and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

Appellant Sue Ann Wyant pleaded guilty to one count of endangering welfare of children[1] and two counts of simple assault.[2] Appellant was sentenced to a prison term of not less than one nor more than two years on each of the three counts with the sentences to run consecutively. This appeal attempts to question the legality of the sentences imposed on the simple assault charges. Appellant's brief prepared by counsel is so defective, however, that we quash the appeal on that basis rather than reaching the merits of the case.[3]

The Pennsylvania Rules of Appellate Procedure establish explicit requirements to be followed in writing briefs:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. We find the defects in appellant's brief to be substantial and grounds for our quashing the appeal.

The brief of the appellant . . . shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Statement of the questions involved.

(3) Statement of the case.

(4) Summary of argument.

(5) Argument for appellant.

1. The Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 C.P.S.A. 4304.

2. The Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 C.P.S.A. 2701(a)(1). Originally, appellant was charged with thirteen counts of simple assault.

3. The Commonwealth filed no brief in this case.

(6) A short conclusion stating the precise relief sought. Pa.R.A.P. 2111(a).

■ Appellant's brief has only two separate sections, one referred to as "History of the Case" and the other as "Argument." Appellant cites no rule or authority upon which the jurisdiction of this Court to review this case is based. Pa.R.A.P. 2114. Furthermore, the brief contains no statement of the questions involved. The rules clearly provide that a statement of the questions "is to be considered in the highest degree mandatory, admitting of no exception . . . ." Pa.R.A.P. 2115. Since no issues are set forth for our consideration, we shall consider none. Appellant's "History of the Case" contains no "closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, . . ." Pa.R.A.P. 2116(a)(4). The brief fails to present a summary of argument. Pa.R.A.P. 2117. The "Argument" is not headed, in distinctive type or any type, with the issue to be addressed. Pa.R.A.P. 2118(a). Finally, there is no separate and distinct conclusion.

■ We recognize that, on prior occasions, this Court has extended *sua sponte* consideration to issues raising the legality of a sentence. *Commonwealth v. Betoni*, 254 Pa.Super. 26, 385 A.2d 506 (1977); *Commonwealth v. Usher*, 246 Pa.Super. 602, 371 A.2d 995, 998 (1977). We do not feel, however, that such *sua sponte* review would be appropriate here. Appellant's argument states that she was sentenced twice for simple assault when, in reality, the two counts of the indictment constitute only one criminal act. Although her brief states "That the actions described by the fifth and eleventh counts in the indictment necessarily depend on each other is obvious," such is not obvious to us. The brief contains no statement of facts upon which appellant's guilty plea was based; appellant has provided us with no reproduced record; the court below has not filed an opinion. Even if we were inclined to review the legality of appellant's sentence *sua sponte*, the state of the brief and record would preclude us from doing so.

We regret the seemingly harsh result we must reach in this case. This Court, however, cannot and will not tolerate such flagrant violations of those Rules of Procedure which are so necessary to our decision making process.

Appeal quashed.

SPAETH, J., dissents, and would affirm.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.