431 A.2d 944

COMMONWEALTH of Pennsylvania

v.

James Ray JACKSON, Appellant.

Supreme Court of Pennsylvania.

Submitted April 21, 1981.

Decided July 8, 1981.

Joseph I. Fineman, Philadelphia, for appellant.

Robert B. Lawler, Sarah Vandenbraak, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

LARSEN, Justice.

In 1968, appellant confessed to involvement in the robbery and murder of one Randolph Butts who was robbed of his wallet and stabbed several times in the back. After a jury trial, appellant was convicted of aggravated robbery and murder of the first degree and sentenced to life imprisonment. An appeal was taken to this Court by trial counsel

and we affirmed. *Commonwealth v. Jackson*, 444 Pa. 601, 281 A.2d 639 (1971). In 1978, appellant filed a counselled Post Conviction Hearing Act (PCHA) petition; relief was denied after a hearing. This appeal followed.

Appellant advances two grounds for PCHA relief: (1) that his conviction resulted from the introduction of an involuntary confession; and (2) that trial counsel ineffectively failed to object to the admission of certain circumstantial evidence.[1] It is unnecessary to reach the merits of either of these claims.

PCHA relief must be denied because appellant has not sustained his burden of *proving* that his claims have not been finally litigated. 19 P.S. § 1180–3(d) provides that "To be eligible for [PCHA] relief . . . a person . . . must *prove* . . . [t]hat the error resulting in his conviction and sentence has not been finally litigated . . ." [emphasis supplied]. *Commonwealth v. Logan*, 468 Pa. 424, 433, 364 A.2d 266, 271 (1976) ("The burden of establishing the ground upon which post-conviction relief is requested rests on the person seeking that relief.") Appellant's PCHA Petition, briefs and testimony are utterly silent regarding his 1971 direct appeal.[2] This Court's 1971 per curiam opinion does not recite which issues were considered nor are the appellate briefs in

---

1. In the "Statement of Questions Involved" portion of his brief, appellant also claims that trial counsel ineffectively failed to argue the voluntariness of appellant's confession. Appellant, however, completely fails to address this claim in the "Argument" portion of his brief. The "Argument" must separately address each claim presented. Pa.R.A.P. 2119(a). Failure to do so waives consideration of the claim. *Commonwealth v. Colbert*, 476 Pa. 531, 383 A.2d 490 (1978) (opinion in support of affirmance); *See Commonwealth v. Unger*, 494 Pa. 595 n. 1, 432 A.2d 146 n. 1 (1980) (claim waived when not included in appellant's "Statement of Questions Involved" portion of the brief). This result is warranted because an appeal can be quashed where briefs are substantially defective. Pa.R.A.P. 2101; *Commonwealth v. Holcomb*, 261 Pa.Super. 532, 396 A.2d 29 (1978); *Commonwealth v. Wyant*, 254 Pa.Super. 464, 386 A.2d 43 (1978). Appellant has failed to guide this Court as to the facts or applicable law.

2. The PCHA Court's opinion alludes to the 1971 direct appeal.

that proceeding part of the record. Appellant's failure to bring the substance of all prior adjudications to our attention is fatal to his burden of proving that his claim has not been finally litigated. *See* 19 P.S. § 1180–5(a)(1) ("The [PCHA] petition . . . must include . . . an identification of all previous proceedings . . ."); Pa.R.Crim.P. 1501, ¶ 7(A) (PCHA petition must identify prior direct appeals); Pa.R.A.P. 2117(a)(2) (appellate brief must contain statement of previous proceedings.

The order of the PCHA court denying relief is affirmed.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Justice, concurring.

Contrary to the opinion of Mr. Justice Larsen, a petitioner seeking post-conviction relief need not always "prove" that the issues upon which he bases his claim have not been waived or finally litigated. For example, where a petitioner has been represented by the same counsel at trial and on direct appeal, a claim of ineffective assistance of that counsel cannot have been previously litigated or waived. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). So too, where a petitioner asserts a right, not recognized at the time of his trial and direct appeal, whose retrospective application is constitutionally required, considerations of whether the claim has been waived or finally litigated are of course irrelevant.

Here, however, appellant's claims are not of such a nature. Even assuming that none of appellant's claims was previously raised, appellant has not even suggested the existence of extraordinary circumstances which would justify his failure to have raised these issues in post-trial motions and on direct appeal. Therefore, any claims of appellant which have not in fact been finally litigated must be deemed to have been waived, 19 P.S. § 1180–4(b)(2), and the order of the P.C.H.A. court should be affirmed.