445 A.2d 149

**COMMONWEALTH of Pennsylvania,**

v.

**Theodore SANFORD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1982.

Filed April 30, 1982.

Methuselah Z. O. Bradley, IV, Philadelphia, for appellant.

Deborah Fox, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

66

WIEAND, Judge:

This appeal from judgments of sentence for burglary, robbery, conspiracy and terroristic threats has been submitted on briefs without oral argument. The brief filed by appellant violates numerous appellate rules and does not permit a determination of those rulings or issues which he wishes to have reviewed. Because appellant's inadequate brief impairs our ability to conduct meaningful appellate review of the trial, we quash the appeal without reaching the merits.

Pa.R.App.P. 2116(a) requires that a brief contain a statement of the questions involved. Specifically, the rule provides:

The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby . . . .

Appellant's brief contained the following statement of questions involved:

Was the Appellant denied his Constitutional rights to a fair trial when:

(1) The court committed reversable [sic] error in it's [sic] rulings and/or

(2) Prosecutional [sic] misconduct and/or

(3) The incompetary [sic] of trial counsel:

That would warrant reversable [sic] error, mistrial and/or double jeopardy grounds for a bar to a new trial? (Answered in the negative in the court below)

This statement of questions involved, it will be observed, identifies no specific ruling of the trial court and defines no specific issue for appellate review or determination.

Pa.R.App.P. 2118 requires that the brief contain a summary of argument as follows:

> The summary of argument shall be a concise summary of the argument of the party in the case, suitably paragraphed. The summary of argument should not exceed one page and should never exceed two pages. The summary of argument should not be a mere repetition of the statement of questions presented. The summary should be a succinct, although accurate and clear picture of the argument actually made in the brief concerning the questions.

Appellant's brief contains no summary of argument.

Pa.R.App.P. 2119(a) requires that the argument "be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein . . . ." Appellant's brief contains no such divisions. Instead, the "argument" contains a general, rambling discourse with innuendos of unfairness but few citations of authority. Its import seems to be an invitation to conduct a total general review of the trial, which, of course, appellant implies was error filled and unfair so as to require his discharge.

We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. *See, e.g., Commonwealth v. Jackson*, 494 Pa. 457, 459 n.1, 431 A.2d 944, 945 n.1 (1981); *In Re Estate of Smith*, 492 Pa. 178, 181, 423 A.2d 331, 332 (1980); *Commonwealth v. Pounds*, 490 Pa. 621, 630 n.11, 417 A.2d 597, 601 n.11 (1980); *Commonwealth v. Gigli*, 287 Pa.Super. 347, 348, 430 A.2d 319, 320 (1981); *Keller v. Old Lycoming Township*, 286 Pa.Super. 339, 343 n.3, 428 A.2d 1358, 1360 n.3 (1981); *Commonwealth v. Miller*, 283 Pa.Super. 411, 415, 424 A.2d 531, 533 (1981); *Czitrom v. Com., Unemployment Compensation Board of Review*, 52 Pa.Commonw. 537, 541, 416 A.2d 109, 110 (1980).

■ The Rules of Appellate Procedure clearly provide that an appeal may be quashed "if the defects are in the brief . . . of the appellant and are substantial . . . ." Pa.R.App.P. 2101. *See Commonwealth v. Holcomb,* 261 Pa.Super. 532, 396 A.2d 29 (1978); *Commonwealth v. Wyant,* 254 Pa.Super. 464, 386 A.2d 43 (1978). *See also Commonwealth v. Jackson, supra,* 494 Pa. at 459 n.1, 431 A.2d at 945 n.1. The defects in appellant's brief are substantial. Here, as in *Commonwealth v. Holcomb, supra,* the brief is so defective as to preclude effective, appellate review.

The appeal is quashed.