## Margaret Wicker, Appellant *v.* Civil Service Commission, Appellee.

Submitted on briefs December 13, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Margaret Wicker,* appellant, for herself.

*Alan J. Davis,* City Solicitor, with him *Reba C. Smallwood,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 1, 1983:

This is an appeal from the Court of Common Pleas of Philadelphia County affirming a Philadelphia Civil Service Commission (Commission) decision upholding appellant's dismissal[1] from her clerk-stenog-

---

[1] Appellant was dismissed pursuant to Section 7.7-303 of the Philadelphia Home Rule Charter, 351 Pa. Code §7.7-303, which provides:

Any dismissal or demotion after the completion of the required probationary period of service, or suspension of any employe in the civil service shall be for just cause only.

rapher II position at Philadelphia General Hospital.[2] This appeal was submitted on briefs without oral argument.[3]

Section 8(b) of the Local Agency Law,[4] 2 Pa. C. S. §754(b), limits our scope of review in appeals of this nature. Thus, we must affirm the Commission's adjudication unless appellant's constitutional rights were violated, an error of law was committed, the provisions of the Local Agency Law were violated in the Commission's proceedings, or the findings of fact are not supported by substantial evidence. *Foley v. Philadelphia Civil Service Commission*, 55 Pa. Commonwealth Ct. 594, 597, 423 A.2d 1352, 1353 (1980).

Unfortunately, because of numerous substantial defects in appellant's brief, defects which greatly impair our ability to conduct meaningful appellate review, we are constrained to quash this appeal without reaching the merits. In quashing an appeal because of a substantially defective brief, the Superior Court wisely noted:

> We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. (Citations omitted.)

*Commonwealth v. Sanford*, 299 Pa. Superior Ct. 64, 67, 445 A.2d 149, 150 (1982) (citations omitted); *see*

---

[2] A perusal of the record reveals that appellant had amassed a work record with Philadelphia General Hospital marred by numerous infractions and incidents over a ten year period, including: (1) habitual tardiness; (2) abuse of sick leave privilege; (3) unsatisfactory job performance ratings; (4) insubordination.

[3] Appellant is before this Court without benefit of counsel.

[4] Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11308(b), repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429].

*also, In Re: Condemnation of the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 480320 etc.,* Pa. Commonwealth Ct. , A.2d (708 C.D. 1981, filed April 13, 1983); *Commonwealth v. Taylor,* Pa. Superior Ct. , 451 A.2d 1360 (1982); *Commonwealth v. Wyant,* 254 Pa. Superior Ct. 464, 386 A.2d 43 (1978).

Explicit requirements to be followed in writing briefs, and the penalty for failing to adhere to same, are set forth in the Pennsylvania Rules of Appellate Procedure.[5] Specifically, Pa. R.A.P. 2101 states:

Briefs and reproduced records shall conform in all material respects with the requirements of the rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant, and are substantial, the appeal or other matter may be quashed or dismissed.

Thus, whenever our ability to exercise the power of review is substantially impaired due to gross deviations from the appellate rules, we will suppress the defective brief and quash the appeal. *Accord, Sanford; Taylor; Wyant.*

The rules denominating the minimal requisites for a proper brief before this Court are set forth at Pa. R.A.P. 2111 *et seq.* Pa. R.A.P. 2111(a)[6] generally enumerates essential topical matters and their correct

---

[5] Pa. R.A.P. 101 *et seq.*

[6] Rule 2111. Brief of the Appellant

(a) General Rule. The brief of the appellant, except as otherwise prescribed by the rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of the questions involved.

order while Pa. R.A.P. 2114 through Pa. R.A.P. 2119[7] correspondingly develop with greater detail topics listed under Pa. R.A.P. 2111(a).

Appellant's brief materially deviates from these rules in numerous substantial respects, including: (1) failure to include statement of jurisdiction in violation of Pa. R.A.P. 2114; (2) failure to include a verbatim text of the order in question in violation of Pa. R.A.P. 2115; (3) failure to append a copy of the Commission's adjudication to brief in violation of Pa. R.A.P. 2111(b); (4) failure to include a statement of the questions involved in violation of Pa. R.A.P. 2116 (a); (5) failure to include a summary of the argument in violation of Pa. R.A.P. 2118; (6) failure to divide argument "into as many parts as there are questions to be argued" in violation of Pa. R.A.P. 2119(a).

Absent in appellant's brief are those matters, enumerated under Pa. R.A.P. 2111(a), whose inclusion in correct order is the *sine qua non* for proper appellate review. Instead, appellant's brief is a hotchpotch consisting of "general rambling discourse" rife with invective, innuendo and insult, see, *Sanford*, 299 Pa. Superior Ct. at 67, 445 A.2d at 150, lacking any citation to authority and including under a section entitled "New Findings of Fact" scandalous and impertinent matter bearing slight relevance to the appeal.

Even if we were inclined, notwithstanding the substantial defectiveness of appellant's brief, not to

---

(4) Statement of the case.

(5) Summary of argument.

(6) Argument for appellant.

(7) A short conclusion stating the precise relief sought.

(8) The opinion and pleadings specified in Subdivisions (b) and (c) of this rule.

[7] For complete text of rules refer to Pa. R.A.P. 2101 *et seq.*

quash the appeal, we are constrained by the mandatory language of Pa. R.A.P. 2116(a) to do so. Pa. R.A.P. 2116(a) and pertinent case law clearly and emphatically mandate the inclusion of a statement of questions involved in an appellant brief:

This rule is to be considered in the highest decree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.

Pa. R.A.P. 2116(a). Therefore, since appellant has failed to posit any questions for our consideration, we shall consider none. *See, Commonwealth v. Unger,* 494 Pa. 592, 432 A.2d 146 (1980);[8] *In re Appeal of John J. Elias,* 70 Pa. Commonwealth Ct. 404, 453 A.2d 372 (1982); *Hogentogler v. Windsor Township Zoning Hearing Board,* 65 Pa. Commonwealth Ct. 451, 442 A.2d 834 (1982); *Department of General Services v. Weinberger Co., Inc.,* 65 Pa. Commonwealth Ct. 201, 441 A.2d 1341 (1982); *Czitrom v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 537, 416 A.2d 109 (1980); *Wyant.*

The appeal is quashed.

## ORDER

AND Now, the 1st day of June, 1983, the appeal of Margaret Wicker from the order of the Court of Common Pleas of Philadelphia County dated May 11, 1981, is quashed.

Judge CRAIG concurs in the result only.

---

[8] In *Unger,* 494 Pa. at 595 n. 1, 432 A.2d at 147 n. 1, Justice LARSEN noted that an appellant seeking post conviction relief had waived the issue of ineffectiveness of counsel (for advising appellant to plead guilty) because the claim was not included in appellant's "Statement of Questions Involved" portion of brief. *Unger* was cited with approval in *Commonwealth v. Jackson,* 494 Pa. 457, 459 n. 1, 431 A.2d 944, 945 n. 1. (1981).