533 A.2d 148

**Curtis Leroy GURLEY, Appellant,**

**v.**

**CITY OF PHILADELPHIA (CITY) and Pennsylvania Assigned Claims Plan (PACP) and the Travelers Insurance Company (Travelers), Appellees.**

**Carmen ROBINSON, Appellant,**

**v.**

**TRAVELERS, Appellee.**

Superior Court of Pennsylvania.

Argued June 8, 1987.

Filed Nov. 6, 1987.

Francis X. Dochney, Philadelphia, for Gurley, appellant (at 3207 Philadelphia 1985).

Chad F. Kenney, Philadelphia, for Robinson, appellant (at 528 Philadelphia 1986).

A. Richard Feldman, Philadelphia, for appellees.

Before CIRILLO, President Judge, and BROSKY, ROWLEY, WIEAND, McEWEN, OLSZEWSKI, BECK, TAMILIA and JOHNSON, JJ., en banc.

BECK, Judge:

These are two appeals that were resubmitted after initial argument for consideration by the Court en banc because they both raise the same important issue regarding the proper interpretation of Section 1009.108(a)(1)(E) of the now-repealed No-fault Motor Vehicle Insurance Act, Pa. Stat.Ann. tit. 40 §§ 1009.101–.701 (repealed effective October 1, 1984) (the "No–Fault Act").[1]

We begin by reciting the pertinent facts and procedural history of each action.

### Gurley v. City of Philadelphia et al. Nos. 3207 Phl. 1985 and 439 Phl. 1986

On June 22, 1984, appellant Leroy Gurley, while riding his bicycle, was struck by a motor vehicle owned by the City of Philadelphia and operated by Philadelphia police officers. Gurley was a pedestrian who did not have his own no-fault policy and who did not live in a household in which someone held such a policy. Therefore, under Section 204(a)(4) of the No-fault Act, the proper source of security for Gurley's basic loss benefits was the City as the owner of the vehicle involved in. the accident. Gurley presented a claim for benefits to the City, and the City denied the claim on the ground that it is immune from suit under the Political Subdivision Tort Claims Act, 42 Pa.Cons.Stat.Ann. §§ 8541–

---

**1.** Both cases involve motor vehicle accidents that occurred prior to the effective date of the repeal of the No-fault Act. Thus, the Act's provisions are applicable.

8564 (1982). Gurley then presented his claim to the Pennsylvania Assigned Claims Plan (the "Plan") pursuant to the No-fault Act. The Travelers Insurance Company ("Travelers"), the company designated by the Plan to service Gurley's claim, denied the claim on the ground that Gurley's sole remedy was to pursue his claim against the City. Gurley then filed a complaint against the City, the Plan and Travelers.

The Plan and Travelers filed preliminary objections claiming that Gurley was not entitled under the No-fault Act to basic loss benefits from the Plan because the City is the proper source of no-fault benefits. The trial court granted these preliminary objections, dismissed Gurley's complaint as against the Plan and Travelers, and this appeal followed.

### Robinson v. The Travelers Insurance Company et al. No. 528 Phl. 1986

On June 13, 1984, appellant-Robinson was a passenger on a SEPTA trolley which was involved in a collision with a City of Philadelphia motor vehicle. As a result of this collision, Robinson claims to have sustained injuries. Robinson did not carry a no-fault policy nor did a member of her household. Because a trolley is not defined as a motor vehicle under the No-fault Act and the Act treats trolley passengers as if they were pedestrians, Robinson initially sought to recover basic loss benefits from the City as the owner of the vehicle that collided with the trolley. As in the case of Mr. Gurley, the City denied payment on the basis of the Political Subdivision Tort Claims Act, *supra.* Robinson then presented her claim to the Plan. Travelers, the company designated to service this claim, also denied the claim on the ground that Robinson's sole remedy was to pursue her claim against the City. Robinson then filed a complaint against Travelers, which joined the City as an additional defendant. Travelers filed preliminary objections containing the same argument as was made in the *Gurley* matter. The trial court granted Travelers' preliminary ob-

jections, dismissed Robinson's complaint as against Travelers, and this appeal followed.

### Discussion

Appellants Gurley and Robinson base their entitlement to benefits from the Plan on Section 1009.108(a)(1)(E) of the No-fault Act. This section provided that a victim

> may obtain basic benefits through the assigned claims plan ... if basic loss insurance:
>
> (E) benefits are refused by an obligor for a reason other than that the individual is not entitled in accordance with this act to receive the basic loss benefits claimed.

40 P.S. § 1009.108(a)(1)(E).

They argue that they are entitled to benefits from the Plan because the City refused benefits for a reason "other than that [the appellants were] ... not entitled in accordance with this act to receive the basic loss benefits claimed." Appellants claim that the City's denial of benefits on the basis of immunity is external to the No-fault Act and not in any way connected with appellants' entitlement to benefits under the Act. Thus, they would have us conclude that the Plan must provide the benefits.

Appellants also argue that their interpretation of Section 1009.108(a)(1)(E) is in accord with the fundamental purpose of the No-fault Act to provide speedy, inexpensive payment of basic loss benefits to victims of motor vehicle accidents. They assert that part of the statutory scheme to effect this goal is the Plan, which affords recovery of benefits to motor vehicle victims when no basic loss insurance policy is otherwise available to cover the claim. *Id.* § 1009.108(a).

Appellees respond that appellants have misconstrued Section 1009.108(a)(1)(E). Appellees assert that the Plan was not intended to be an interim insurer which would provide benefits to an accident victim and then seek subrogation from the proper source of security under the terms of the No-fault Act. Appellees assert that under the facts of these cases, appellants have a source of security in the City as the insurer of the motor vehicles involved in the acci-

dents and that their only claim for benefits must be against this source.

Although the issue regarding the interpretation of Section 1009.108(a)(1)(E) is both important and intriguing, we find that we need not reach it to dispose of the appeals before us today. This is a result of a development in the law that occurred while these cases were on appeal to this Court.

During the pendency of these cases in the trial courts and at the time of the filing of these appeals, the merit of the City's claim of immunity was unclear. Although in *City of Philadelphia v. Nationwide Ins. Co.*, 99 Pa.Commw. 20, 498 A.2d 462 (1985), the Commonwealth Court had held that the City is *not* immune from the payment of basic loss benefits under the No-fault Act, the City had petitioned the Supreme Court for allocatur in that case and the final resolution of the issue was, therefore, in doubt. However, on November 24, 1986, after these appeals were filed but before oral argument to the court en banc, the Supreme Court denied the City's petition for allocatur. The parties in the instant cases informed this Court of this development at oral argument.

█ Since the denial of allocatur rendered the Commonwealth Court's decision in *City of Philadelphia v. Nationwide* a final appellate disposition of the issue of the City's immunity, we find that the issue of the Plan's possible liability to Gurley and Robinson for basic loss benefits has become moot. The Plan (and Travelers as the company assigned to service appellants' claims) cannot under any interpretation of the No-fault Act be liable for appellants' benefits where the primary obligor under the Act, the City, has lost its defense of immunity. As we stated in *Tyler v. Insurance Co. of North America*, 311 Pa.Super. 25, 30, 457 A.2d 95, 97 (1983):

To determine the applicable source of basic loss benefits under Section 204's priority system, the pertinence of each subsection must be considered seriatim—that is, the applicability of each preceding subsection must be exclud-

ed before the next may be considered. The security provided by the assigned claims plan is applicable only as a last resort.

Therefore, we must on this basis affirm the trial courts' grant of the preliminary objections of the Plan and Travelers in both cases.

We need address only one further issue before we conclude. At oral argument, counsel for Gurley and Robinson argued that despite the now final decision in *City of Philadelphia v. Nationwide,* which admittedly moots the question of the Plan's or Travelers' liability for basic loss benefits, we must nevertheless reverse the trial courts' grant of preliminary objections. They argued that the Plan and Travelers must remain as defendants because appellants still have a meritorious claim against those defendants for interest, attorneys' fees and costs. Our review of the record reveals that both appellants did indeed pray for these additional items in their complaints against these defendants.

In the *Robinson* case, we will not consider this ground for reversal because appellant made no reference to this issue in her brief to this Court. The issue is not included in the Statement of Questions nor is it referenced in the Argument section of the brief. Appellant did not argue that in the event that the City's immunity was eliminated as a defense, the grant of the preliminary objections of the Plan and Travelers should still be reversed so as to preserve appellant's right to recover interest, fees and costs against them.

█ Nor can appellant defend this omission on the ground that she could not have known that the Supreme Court would deny allocatur in *City of Philadelphia v. Nationwide* during the pendency of these appeals. In fact, the denial of allocatur occurred several months before these parties resubmitted their briefs to this Court for en banc consideration and yet appellant did not seek to amend or supplement her brief to inform us of the denial of allocatur and to amend her position in light thereof. We note that our Rules

of Appellate Procedure make specific provision for a change in the law after the time of briefing. Rule 2501 requires counsel who have knowledge of certain changes in the status of authorities cited to this Court to inform the Court by letter of that change. Pa.R.App.P. 2501. Even if this is not a situation that falls squarely within the parameters of Rule 2501, and we believe it may well be, we note that appellant could have petitioned for leave to file supplemental briefs or memoranda of law. Appellant did not do so. Therefore, we find that the appellant in *Robinson* has waived this argument as a ground for reversal. Pa.R. App.P. 2116; *Commonwealth v. Gillespie,* 333 Pa.Super. 576, 482 A.2d 1023 (1984); *Wicker v. Civil Serv. Comm'n,* 74 Pa.Commw. 548, 460 A.2d 407 (1983).

In *Gurley,* we might also decide that this issue has been waived on appeal since the appellant in that case also failed to include any reference to it in the Statement of Questions on Appeal section of his brief. However, we will not do so since the Brief does include a passing reference to the issue in the Argument section and we can summarily dispose of the issue on the merits.

■ Appellant rests his claim for the payment of interest, costs and fees on Sections 106 and 107 of the No-fault Act. Section 106 provides for the payment by an obligor of interest on "overdue payments" of no-fault benefits. The section quite clearly does not refer to a situation like the instant case, where the parties are involved in a litigated dispute over the liability of one potential obligor for the payment of the benefits which is then rendered moot when it becomes clear that another party is the only potentially liable obligor under the Act. Since there will now be no payment of benefits by the Plan in this case, we cannot see how the Plan could be obligated to pay interest.

Section 107 provides that in any action for benefits under the Act where the court finds that the obligor has denied the claim "without reasonable foundation", the court may award the claimant's attorney a reasonable fee. 40 P.S. §§ 1009.107(3). Once again, this section clearly contem-

plates the payment of fees only when an obligor ultimately makes a payment of benefits. Even assuming *arguendo,* however, that the section might require a payment of fees in a situation like the instant case, we do not find the Plan's position in this case to be in the slightest degree unreasonable. The Plan took a position for which there is clearly colorable support and as to which there is no legal authority directly on point. This is not the type of case in which an award of attorney's fees is warranted. *Hayes v. Erie Insurance Exchange,* 493 Pa. 150, 425 A.2d 419 (1981). Thus, in *Gurley,* we reject the claim for interest, fees and costs as a ground for reversal.

In *Gurley v. City of Philadelphia et al.,* Appeal No. 439 Phl 1986, the order of the trial court granting appellees' preliminary objections is affirmed. The prior appeal taken by Gurley, Appeal No. 3207 Phl 1985, which was mistakenly taken from an order that the trial court had vacated pending a ruling on Gurley's timely petition for reconsideration thereof, is quashed.

In *Robinson v. Travelers et al.,* Appeal No. 528 Phl 1986, the order of the trial court granting appellee's preliminary objections is affirmed.

TAMILIA and JOHNSON, JJ., concur in the result.