J-A30041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DOLORES LLOYD, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GENTLE DENTIST AND DR. VLADIMIR DERESCUIC, DDS, | |
| Appellees | No. 957 EDA 2014 |

Appeal from the Order Entered February 18, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: August Term, 2013 No. 3580

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                **FILED FEBRUARY 18, 2015**

Appellant, Dolores Lloyd, appeals *pro se* from the February 18, 2014 Order, which denied her petition to open a judgment of *non pros*.  We quash.

Appellant's brief in this matter consists of a less than two-page letter, to which she appended documents from the underlying action.  (**See** Appellant's Brief, at 1-2).  In it, she states that she did not realize that she needed to file a certificate of merit, and because of a combination of ignorance and ill health, she was unable to file a certificate of merit in a timely fashion.  (**See id.**).  She also appears to request that we direct the

_____

[*] Retired Senior Judge assigned to the Superior Court.

trial court to accept medical records and a letter from her doctor in lieu of a certificate of merit. (***See id.*** at 2).

"When issues are not properly raised and developed in briefs, and when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982) (citations omitted).

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding, must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

***Wilkins v. Marsico***, 903 A.2d 1281, 1284-1285 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007) (citations omitted).

Here, Appellant's brief does not contain any argument, statement of the questions involved, detailed factual averments, or any citation to relevant legal authority. Thus, the defects in Appellant's brief are significant and substantially encumber our appellate review. ***See*** Pa.R.A.P. 2101 ("if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). Accordingly, because Appellant's brief is defective to the point that it constitutes a violation of Pa.R.A.P. 2101, we may impose the sanction of quashing the appeal. ***See Sanford****, supra* at 150; ***see also*** Pa.R.A.P. 2101.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/2015