J-S21042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ESTATE OF LAMINER E. DAVIS, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: BRIAN WILLIAMS | No. 2880 EDA 2014 |

Appeal from the Order September 12, 2014
in the Court of Common Pleas of Philadelphia County
Orphans' Court at No.: O.C. 513 DE of 2000

BEFORE: BOWES, J., JENKINS, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED APRIL 27, 2015**

Appellant, Brian Williams, appeals *pro se*[1] from the September 12, 2014 order, which removed him as co-administrator of the Estate of Laminer E. Davis and granted the petition to evict him from the premises at 3219 W. Hilton Street, Philadelphia, Pennsylvania. We dismiss.

Appellant's brief in this matter consists of a slightly more than five-page "Factual Summary and Procedure" letter-brief, to which he appended documents from the underlying action. (**See** Appellant's Brief, at unnumbered pages 1-5). In it, Appellant gives his version of the events

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that counsel represented Appellant in the trial court proceedings.

below, and complains that the trial court did not allow his counsel to "completely argue Appellant's case." (*Id.* at unnumbered page 3 ¶ 15).

"When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982) (citations omitted).

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding, must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Wilkins v. Marsico***, 903 A.2d 1281, 1284 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007) (citations omitted).

Here, Appellant's brief does not contain any legal argument, statement of the questions involved,[2] or any citation to relevant legal authority, among other serious defects. Thus, the defects in Appellant's brief are significant

---

[2] While Appellant does contend that the trial court did not fully allow him to be heard and found "a fact for which there was not evidence," Appellant fails to cite to any portion of the record in support of his claims. (Appellant's Brief, at unnumbered page 3 ¶ 17). To the extent that Appellant does refer to the notes of testimony from the June 25 and September 9, 2014 hearings, the cited portions of the transcript do not support his claim. This Court will not act as counsel and will not develop arguments on behalf of an appellant. ***See Bombar v. West American Insurance Company***, 932 A.2d 78, 94 (Pa. Super. 2007). Further, it is not this Court's responsibility to comb through the record seeking the factual underpinnings of Appellant's claim. ***See Commonwealth v. Mulholland***, 702 A.2d 1027, 1034 n.5 (Pa. 1997).

and substantially encumber our appellate review. **See** Pa.R.A.P. 2101 ("if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). Accordingly, because Appellant's brief is defective to the point that it constitutes a violation of Pa.R.A.P. 2101, we may impose the sanction of dismissing the appeal. **See Sanford**, **supra** at 150; **see also** Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2015