J-A17020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PARKTOWN PARTNERSHIP, L.P., BY ITS GENERAL PARTNER: P.T. DINNOCENTI LLC C/O PALLADINO DEVELOPMENT GROUP, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROYERSFORD RECOVERY | |
| APPEAL OF: JOHN LEONARD | No. 3228 EDA 2015 |

Appeal from the Order Entered October 20, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2015-25761

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 09, 2016**

John Leonard appeals, *pro se*, from the trial court's order denying his petition to strike a judgment entered in favor of Appellee, Parktown Partnership, L.P. (Parktown), in this confession of judgment action. We dismiss the appeal.

Parktown is a Pennsylvania limited partnership; its general partner is Appellee, P.T. Dinnocenti LLC, c/o Palladino Development Group, Inc. (Palladino). Royersford Recovery (Royersford) is a Pennsylvania non-profit organization. In December 2014, Royersford entered into a ten-year lease agreement for the rental of 2,300 square feet of commercial space from

---

[*] Retired Senior Judge assigned to the Superior Court.

Parktown at Parktown Plaza, located at Lewis Road and Oak Street, in Limerick, Pennsylvania. The lease contains a confession of judgment clause, for both money damages and possession, which states in part:

> Tenant hereby knowingly, intentionally, voluntarily and irrevocably agrees that, if fixed minimum rent or any charges hereby reserved as additional rent or liquidated damages, or any other sum payable hereunder shall remain unpaid when the same is due beyond any applicable grace period (if any), tenant hereby empowers any Prothonotary or attorney of any court of record to appeal for tenant in any and all actions which may be brought for such rent, liquidated damages or other charges or expenses agreed to be paid by tenant, hereunder, and to confess judgment against tenant in any competent court for the recovery of such rent, liquidated damages or other charges or expenses[.]

Park Town Plaza Lease Agreement, 12/4/14, at Section 18:06(i). Leonard executed the lease on behalf of Royersford, which included initialing the Confession of Judgment clause.

On September 22, 2015, Parktown filed a confession of judgment action[1] against Royersford claiming that it breached the lease by defaulting on its monthly lease payments, including payment of its security deposit. On September 22, 2015, the court entered judgment in the amount of $15,068.28,[2] plus possession of the leased premises, in favor of Parktown.

_____

[1] The complaint also sought ejectment of Royersford from the leased premises. *See* Plaintiff's Complaint (Count II), 9/22/15, at 5. The lease also contains a confession of judgment clause for ejectment. *See* Park Town Plaza Lease, 12/4/14, at Section 18:06(ii).

[2] Royersford's monthly rent totaled $1,404.92, plus common area maintenance and sewer charges. At the time the complaint was filed, Royersford was allegedly $10,068.28 in default under the lease.

On October 2, 2015, Leonard filed a petition to strike the judgment, which was denied after a hearing. This timely *pro se* appeal follows.

Due to the substantial deficiencies in Leonard's appellate brief, which greatly impair our ability to conduct meaningful appellate review, we are constrained to dismiss this appeal. To begin, we refer Leonard to the general rule requiring that briefs conform to the Pennsylvania Rules of Appellate Procedure. Rule 2101 states:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, **if the defects are in the brief** or reproduced record **of the appellant and are substantial, the appeal or** other matter **may be** quashed or **dismissed.**

Pa.R.A.P. 2101 (emphasis added). We also bring Rule 2111 to Leonard's attention. That rule provides:

> **Rule 2111. Brief of the Appellant**
>
> **General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matter, separately and distinctly entitled and in the following order:
>
> (1) Statement of jurisdiction.
> (2) Order or other determination in question.
> (3) Statement of both the scope of review and the standard of review.
> (4) Statement of the questions involved.
> (5) Statement of the case.
> (6) Summary of argument.
> (7) Argument for appellant.
> (8) A short conclusion stating the precise relief sought.
> (9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

> (10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111. Leonard has completely failed to comply with the requirements of Rule 2111(a). His brief contains no statement of jurisdiction, statement of scope and standard of review, statement of the questions involved, statement of the case, summary of argument, argument, or conclusion stating his sought-after relief.

Rather, Leonard's brief consists of "general rambling discourse." ***See Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982). Under such circumstances, dismissal of the appeal is appropriate. ***See Branch Banking & Trust v. Gesiorski***, 904 A.2d 939 (Pa. Super. 2006) (appeal dismissed where numerous defects in *pro se* brief prevented court from conducting meaningful appellate review).

Appeal dismissed.

GANTMAN, P.J., Joins the memorandum.

PLATT, J., Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/9/2016</u>