J. S18034/18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

CAROL ANN SIMMONS, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
: No. 1523 WDA 2017
ALL ABOUT SMILES & ASSOCIATES :
(DR. DAVID ZIPNOCK, DDS) :

Appeal from the Order, September 18, 2017,
in the Court of Common Pleas of Beaver County
Civil Division at No. 10851-2017

BEFORE: STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: FILED MAY 21, 2018

Carol Ann Simmons appeals pro se the order of the Court of Common

Pleas of Beaver County that granted the motion of All About Smiles and

Associates (Dr. David Zipnock, DDS) ("appellee") to dismiss for failure to file

a certificate of merit and to dismiss all of appellant's claims against appellee.

After careful review, we affirm.

The factual and procedural history as recounted by the trial court is as

follows:

> This case began at the District Magistrate.
> [Appellant] filed an action against [appellee],
> following a root canal procedure. The Magisterial
> District Judge entered a decision in favor of
> [appellee] on June 6, 2017.
>
> [Appellant] filed an appeal to the decision on
> June 29, 2017 with the Court of Common Pleas.

[Appellee] filed a rule to file a Complaint on July 6, 2017 and [appellant] filed her Complaint a few days later on July 10, 2017.

On July 31, 2017, [appellee] filed preliminary objections to the Complaint, alleging, among other things, that the Complaint failed to conform to the Rules of Civil Procedure. On August 28, 2017, a notice was sent to the parties scheduling argument on the preliminary objections for September 27, 2017.

Before argument could be held on the preliminary objections, [appellee] filed a motion to strike the certificate of merit that [appellant] had filed. Notice of presentation was given to [appellant] under Local Rule 208.3(a), that the motion to strike would be presented at 9:00 a.m. on August 8, 2017. The certificate of service indicates that it was sent on July 31, 2017.[1] On August 8, 2017, only [appellee's] counsel appeared in motions court for the presentation of the motion to strike.

The [trial c]ourt granted the motion to strike and gave [appellant] 30 days to file a proper certificate of merit. Although the Rules of Civil Procedure (Pa.R.C.P. 1042.8) only require 20 days, the [trial] court gave her an extra 10 days to file the proper certificate. The certificate [appellant] originally filed only indicated what a second dentist did to treat her condition. It did not state that [appellee] was negligent or breached a duty of care owed to [appellant]. Thus, it did not satisfy the requirement that the malpractice case has merit, as required by Rule 1042.3. This Rule requires a party to check one of the three boxes on a certificate of merit form. She checked none of them, but instead, merely signed and dated the bottom of the form and attached a summary of her new dentist's work to the form.

---

[1] Beaver County Local Rules require a three-business-day notice in writing. Beaver County R.C.P. LR 208.3(a)(3).

Since she failed to appear in motions court on August 8, 2017, the [trial c]ourt took extra measures in order to aid [appellant], so she could correct her mistake; the [trial c]ourt specifically stated in its order "the certificate provided states what the follow-up dentist did for [appellant]. It does not state what the previous dentist did wrong or negligent." To comply with Rule 1042.3, [appellant] needed a statement from a licensed professional that there was "a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Rule 1042.3(a)(1).

Pursuant to the Court Order dated August 8, 2017, a proper certificate of merit should have been filed by September 7, 2017. On September 11, 2017, [appellee] again gave notice to [appellant], that he was filing another motion with the [trial c]ourt. This time it was a motion to dismiss the case for failure to file a certificate of merit. The notice indicated that the Motion would be presented on September 18, 2017.

On September 18, 2017, [appellant] did not appear in motions court, and the motion to dismiss the lawsuit was presented as an uncontested motion. The [trial c]ourt granted the motion.

[Appellant] filed this appeal to the Superior Court on October 13, 2017.

Upon reading the notice of appeal, the [trial c]ourt learned for the first time, that [appellant] had requested additional time to file her certificate of merit. [Appellant] apparently filed a motion with the Prothonotary's office requesting additional time. She never gave notice [to] [appellee], or presented the motion for additional time in motions court. No court order was ever signed granting her request. She claims in her appeal that her request was never addressed but ignored. The [trial c]ourt did not

> address it, because she failed to present it in open court as required by Local Rule 208.3(a). She failed to follow proper court procedures and local rules for the presentation of her motion. The Prothonotary's office is merely a filing office. Any motion requiring court action must be presented in court. The [trial c]ourt hears civil motions on Mondays, Tuesdays and Thursdays at 9:00 a.m. and hears emergency motions as needed. No motion requesting additional time was ever presented.

Trial court opinion, 11/27/17 at 1-3.

The trial court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 27, 2017, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for this court's review: "1. Did the Magistrate Judge err in dismissing [appellant's] subpoenaed witness and dismissing her case? 2. Did the trial court err in dismissing [a]ppellant's case without affording [a]ppellant an opportunity to defend [appellee's] motion to dismiss?" (Appellant's brief at 3-4.)

A review of appellant's brief reveals that she has not addressed either issue raised in the statement of questions involved in the argument section of her brief. See Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of

authorities as are deemed pertinent."). Appellant's argument is only five sentences and consists of the following:

> [Appellee] did not do other definitive tests such as CT or MRI scan of the mouth, jaw, cheek, face, head, etc. to determine why [appellant] was experiencing physical as well as apparent facial deformity.
>
> It was the duty of the attending dentist to provide adequate care of [appellant]. [Appellee] breached responsibility of his profession by not providing orders for the heretofore mentioned tests (CT scans or MRI). All [appellee] did was to order routine x-rays, a non-definitive diagnosis. Therefore, [appellee's] insufficient care of [appellant] was the causation of her medical issues for over a year and six months.

Appellant's brief at 9.

This argument is not capable of meaningful appellate review. Because appellant failed to develop or even mention these issues in the argument section of her brief, these issues are waived. See Commonwealth v. Jones, 815 A.2d 598, 604 n.3 (Pa. 2002) (where an appellant failed to address an issue raised in the statement of questions involved in the body of the brief, the claim was waived). See also Commonwealth v. Jackson, 431 A.2d 944, 945 n.1 (Pa. 1981) (issue listed in the brief's statement of questions involved was waived when it was not addressed in the argument section of the brief).

Order affirmed.

J. S18034/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/21/2018