IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Andrew E. MacTaggart,<br>Petitioner | : <br> : <br> : | No. 614 F.R. 2019 |
| v. | : <br> : | |
| Commonwealth of Pennsylvania,<br>Respondent | : <br> : <br> : | |
| Andrew E. MacTaggart,<br>Petitioner | : <br> : <br> : | No. 207 F.R. 2020 |
| v. | : <br> : | Submitted: March 12, 2021 |
| Commonwealth of Pennsylvania,<br>Respondent | : <br> : | |

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
PER CURIAM                                          FILED: May 26, 2021


Before the Court are exceptions (Exceptions) filed by Andrew E. MacTaggart (Taxpayer), *pro se*, to this Court's October 19, 2020 Memorandum Opinion and Order (October 19, 2020 Opinion).[1]  There, this Court affirmed the Board of Finance and Revenue's (Board) orders issued on April 16, 2019, and

---

[1] *See MacTaggart v. Commonwealth* (Pa. Cmwlth., Nos. 614 F.R. 2019 & 207 F.R. 2020, filed October 19, 2020).

January 13, 2020, finding that Taxpayer must pay Pennsylvania Personal Income Tax for tax years 2017 and 2018.[2]  We overrule Taxpayer's Exceptions.

The facts are straightforward.  Taxpayer filed 2017 and 2018 PA-40 tax returns reporting zero dollars of taxable income.  Taxpayer attached Federal Form 4852 to his tax returns, in which Taxpayer asserted that he did not receive any payments in the course of a trade or business, federal or federally connected employment, investment, or other taxable activity, and that he thus did not receive any taxable income.  To the contrary, the Department of Revenue (Department) determined that Taxpayer had received a 2017 Form W-2 indicating State Wages in the amount of $119,838.90 and a 2018 Form W-2 indicating State Wages in the amount of $121,806.00.  The Department accordingly increased Taxpayer's compensation to those amounts, and issued Taxpayer a Notice of Assessment for tax, penalties, and interest.  Taxpayer filed a Petition for Reassessment for both tax years with the Department's Board of Appeals, which denied his request for relief, finding that Taxpayer failed to provide any substantial evidence to support his position that his income was not taxable.

Taxpayer then filed a Review of Reassessment Petition for each tax year with the Board, challenging the Department's authority to assess Taxpayer's income absent its personal knowledge of his receipts, and asserting that the tax returns that Taxpayer filed—reporting zero taxable income—were dispositive of his tax liability. The Board rejected Taxpayer's position, concluding that, under Article III of the Tax Reform Code of 1971 (the Code), Act of March 4, 1971, P.L. 6, *as amended*, added by the Act of August 31, 1971, P.L. 362, 72 P.S. §7301-61, Taxpayer met the

---

[2] Docket No. 614 F.R. 2019 relates to tax year 2017.  Docket No. 207 F.R. 2020 relates to tax year 2018.  These matters were consolidated by order dated June 17, 2020.

definition of a "taxpayer," the receipts at issue met the definition of "income," and the Department is authorized to make inquiries, determinations, and assessments of Pennsylvania Personal Income Tax.[3] Accordingly, the Board concluded that Taxpayer failed to meet his burden to prove that the Department's assessment was erroneous.

Taxpayer filed Petitions for Review in this Court, contending that his "private unprivileged earnings" did not qualify as income for purposes of Pennsylvania law. Citing the Department's regulation at 61 Pa. Code §101.7(a),[4] Taxpayer took the position that "only privileged amounts are taxable." (Petition for Review, 614 F.R. 2019, ¶40.) The thrust of Taxpayer's argument was that "one has the right to work and keep 100% of the resulting earnings, but any earnings that result from the exercise of a federal privilege are 'taxable income' subject to the federal income tax and the Pennsylvania income tax . . . ." *Id.*

---

[3] Section 301(w) of the Code defines a "taxpayer" as "any individual, estate or trust subject to the tax imposed by this article, any partnership having a partner who is a taxpayer under this act, any Pennsylvania S corporation having a shareholder who is a taxpayer under this act and any person required to withhold tax under this article." 72 P.S. §7301(w). Section 301(j) of the Code defines "income" for a resident individual as "compensation, net profits, gains, dividends, interest or income enumerated and classified under section 303 of this article[, 72 P.S. §7303]." 72 P.S. §7301(j). Section 338(a) of the Code provides that the Department "is authorized and required to make the inquiries, determinations and assessments" of Pennsylvania Personal Income Tax. 72 P.S. §7338(a).

[4] This regulation provides, in relevant part, that "[a]n amount, the *privilege* of receiving which is taxable, shall be considered as received in the year in which it is actually or constructively received unless includable for a different year in accordance with the method of accounting of the taxpayer." 61 Pa. Code §101.7(a) (emphasis added); *see also* section 302(a) of the Code, 72 P.S. §7302(a) ("Every resident individual, estate or trust shall be subject to, and shall pay for the *privilege* of receiving each of the classes of income hereinafter enumerated in section 303, [72 P.S. §7303,] a tax upon each dollar of income received by that resident during that resident's taxable year at the rate of three and seven hundredths per cent.") (emphasis added).

In the October 19, 2020 Opinion, this Court granted the Commonwealth's Application for Summary Relief,[5] thereby rejecting Taxpayer's position, and finding no error in the determinations below that Taxpayer's earnings constituted income for purposes of the Pennsylvania Personal Income Tax. We noted that Taxpayer's argument concerning "privileged" earnings had been soundly rejected in previous decisions. October 19, 2020 Opinion, slip op. at 4-6 (discussing *Roytburd v. Commonwealth*, 958 A.2d 1064 (Pa. Cmwlth. 2008), *aff'd without opinion*, 971 A.2d 1125 (Pa. 2009); *Barnes v. Commonwealth* (Pa. Cmwlth., No. 451 F.R. 2009, filed April 9, 2010) (unreported)[6]). We concluded that Taxpayer had not advanced "any valid legal argument that would justify his position that he is not obligated to pay taxes as required by the . . . Code." *Id.* at 6. Thus, we agreed with the Commonwealth that it "is beyond clear that Taxpayer's wages as reported in his 2017 and 2018 W-2s are subject to Pennsylvania Income Tax." *Id.*

Taxpayer filed Exceptions[7] to the October 19, 2020 Opinion. In his Exceptions, and brief in support thereof, Taxpayer expresses a litany of grievances.

---

[5] *See* Pa.R.A.P. 1532(b) ("At any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear.").

[6] Under section 414(a) of this Court's Internal Operating Procedures, an unreported panel opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

[7] Pennsylvania Rule of Appellate Procedure 1571(i) states:
> Any party may file exceptions to an initial determination by [this C]ourt under this rule within 30 days after the entry of the order to which exception is taken. Such timely exceptions shall have the effect, for the purposes of Rule 1701(b)(3) (authority of lower court or agency after appeal) of an order expressly granting reconsideration of the determination previously entered by the court. Issues not raised on exceptions are waived and cannot be raised on appeal.

Pa.R.A.P. 1571(i).

Substantively, Taxpayer appears to assert that issues of material fact precluded a grant of summary relief in favor of the Commonwealth. Taxpayer further provides a list of objections to the Commonwealth's advocacy and to this Court's October 19, 2020 Opinion. Generally, this list encompasses various assertions that this Court should not have ruled upon the matter by summary disposition, that we thereby necessarily relied upon mere opinion and speculation rather than evidence, that we improperly denied Taxpayer discovery, and that we misconstrued Taxpayer's legal position. However, Taxpayer does not clarify his legal argument or explain how this Court erred in affirming the Board's determination that the amounts reflected in Taxpayer's W-2s constituted taxable income.

Indeed, Taxpayer's brief does not include any statement of the legal questions at issue before this Court. Rather, Taxpayer uses his brief to suggest that he has been "defrauded by pettifogger shysters groveling for filthy lucre utilizing democratic, a/k/a 'Mob Rule' statutes, depriving [Taxpayer] of [his] right in an attempt to overthrow the Constitution of the [U]nited States of America in the nature of sedition and treason." (Taxpayer's Br. at 4.) Taxpayer further accuses the Court and the Commonwealth of a "criminal conspiracy" to take his private property without just compensation and to deprive him of due process. *Id.* Taxpayer refers to counsel for the Commonwealth as "terrorists" and "quislings," a term defined as a "traitor who collaborates with the invaders of his country, especially by serving in a puppet government." *Id.* at 5. Beyond these insults and accusations, Taxpayer offers numerous references to the Bible, the Declaration of Independence, a speech by a

5

federal judge to the Federalist Society, and other materials similarly lacking in relevance to the Pennsylvania Personal Income Tax.[8]

The Commonwealth opposes Taxpayer's Exceptions, first contending that Taxpayer's briefing is so defective as to warrant dismissal. The Commonwealth emphasizes the absence from Taxpayer's brief of a statement of the questions involved, which is required under Pennsylvania Rule of Appellate Procedure 2116(a). The Commonwealth notes precedent of this Court in which we have found ourselves "constrained by the mandatory language" of that rule to quash an appeal due to the absence of a statement of the questions presented, inasmuch as "Pa.R.A.P. 2116(a) and pertinent case law clearly and emphatically mandate the inclusion of a statement of questions involved in an appellate brief." (Commonwealth's Br. at 17 (quoting *Wicker v. Civil Service Commission*, 460 A.2d 407, 409 (Pa. Cmwlth. 1983)).) Although recognizing Taxpayer's *pro se* status, the Commonwealth stresses that "a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." *Id.* at 18 (quoting *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014)). Apart from the technical deficiencies of Taxpayer's brief, the Commonwealth highlights numerous portions of Taxpayer's brief, including those quoted above, with regard to which the Commonwealth invokes *Wicker*'s characterization of an argument as "a hotchpotch consisting of 'general rambling discourse' rife with invective, innuendo and insult." *Id.* (quoting *Wicker*, 460 A.2d at 409).

---

[8] Following the filing of his Exceptions and brief in support thereof, Taxpayer filed numerous documents with the Court. Many are styled as affidavits, but their content and purpose are difficult to discern. Numerous of Taxpayer's filings either demand the production of various documents, request that we take judicial notice of his assertions, or threaten legal action against the Commonwealth or this Court. To the extent that any of these filings seek any form of relief from this Court, we will deny such relief.

With regard to the merits, the Commonwealth argues that we properly granted summary relief in its favor because there was no material dispute of fact and no legal basis upon which to conclude that Taxpayer's earnings did not constitute taxable income. Importantly, the Commonwealth notes, Taxpayer does not dispute that he received the amounts reported in his 2017 and 2018 W-2s, and he has referred to those amounts as "earnings," "private earnings," "private unprivileged earnings," and "pay for labor." *Id.* at 23-24. Taxpayer solely advanced a legal argument that those "earnings" did not constitute taxable income under the Code. Because this is a meritless suggestion, the Commonwealth contends that there was no error in our October 19, 2020 Opinion.

We agree with the Commonwealth. Taxpayer's Exceptions and brief in support thereof fail to establish any error in this Court's October 19, 2020 Opinion. "An application for summary relief [under Pa.R.A.P. 1532] is to be granted only if there are no material factual disputes and the movant's entitlement to relief is clear." *Northwestern Youth Services, Inc. v. Department of Public Welfare*, 66 A.3d 301, 309 n.11 (Pa. 2013). As the Commonwealth emphasizes, it bears repeating that Taxpayer does not dispute his receipt of the amounts reported in his 2017 and 2018 W-2s; rather, he objects to the characterization of those amounts as "wages" or "income" subject to taxation, inasmuch as he believes that "payments for labor are not among the enumerated classes of income." (Taxpayer's Br. at 20.) Thus, the dispute between Taxpayer and the Commonwealth was one of law, not of material fact.

Taxpayer's legal position, moreover, is meritless. Section 303(a)(1)(i) of the Code plainly includes "compensation" among the "classes of income," defined, in relevant part, as "[a]ll salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips and similar remuneration

7

received for services rendered . . . ." 72 P.S. §7303(a)(1)(i). Regardless of Taxpayer's preferred terminology, his "payment for labor" constituted "remuneration received for services rendered." *Id.* Therefore, it was "compensation," and, thus, "income." *See* October 19, 2020 Opinion, slip op. at 4 n.3. The material fact, *i.e.*, Taxpayer's receipt of the amounts at issue, was not disputed, and Taxpayer's legal argument was meritless, entitling the Commonwealth to relief. *See* Pa.R.A.P. 1532(b); *Northwestern Youth Services*, 66 A.3d at 309 n.11. To the extent that the remainder of Taxpayer's present filings contain a legal argument, it is materially identical to the one that this Court properly rejected in its October 19, 2020 Opinion.

Accordingly, we overrule Taxpayer's Exceptions.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Andrew E. MacTaggart, | : | |
| Petitioner | : | |
| | : | No. 614 F.R. 2019 |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Respondent | : | |
| | : | |
| Andrew E. MacTaggart, | : | |
| Petitioner | : | |
| | : | No. 207 F.R. 2020 |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Respondent | : | |

## *PER CURIAM*

## *ORDER*

AND NOW, this 26th day of May, 2021, the exceptions filed by Andrew E. MacTaggart are OVERRULED, and the Prothonotary is directed to enter judgment in favor of the Commonwealth of Pennsylvania. All pending applications for relief and requests for judicial notice are DENIED.