J-S65032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
|---|---|
| | PENNSYLVANIA |
| Appellee | |
| v. | |
| BROOKE A. KEEFER, | |
| Appellant | No. 261 WDA 2016 |

Appeal from the Judgment of Sentence February 5, 2016
in the Court of Common Pleas of Somerset County
Criminal Division at Nos.: CP-56-SA-0000083-2015
CP-56-SA-0000084-2015

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 22, 2016**

Appellant, Brooke A. Keefer, appeals *pro se*[1] from the judgment of sentence imposed on February 5, 2016, following his nonjury conviction of two summary offenses, disorderly conduct[2] and public drunkenness,[3] arising out of two separate incidents.  For the reasons discuss below, we dismiss this appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant chose to represent himself throughout the proceedings in the trial court.

[2] 18 Pa. C.S.A. § 5503(a)(3).

[3] 18 Pa. C.S.A. § 5505.

On July 1, 2015, Appellant summoned the Somerset Borough police, claiming that his girlfriend and his neighbor assaulted him. (***See*** Trial Court Opinion, 5/06/15 at 1-2). After determining that there was no validity to Appellant's claim, the police transported him to a hospital for a mental health evaluation, based upon his behavior during the investigation. (***See id.*** at 2). Appellant behaved in a "loud and disruptive" manner in the emergency room, causing the police to issue a citation for disorderly conduct. (***Id.*** at 2-3).

On July 3, 2015, the Somerset Borough police responded to a complaint that Appellant had threatened people. (***See id.*** at 3). The police observed Appellant cursing and threatening people on the street, while carrying a baseball bat. (***See id.***). Appellant was "staggering and stumbling," smelled of alcohol, had bloodshot eyes, and slurred his speech. (***See id.***). The police arrested him for public drunkenness. (***Id.*** at 4).

On September 17, 2015, the magisterial district judge found Appellant guilty of disorderly conduct and, on October 7, 2015, found him guilty of public drunkenness. Appellant, acting *pro se*, filed a *de novo* summary appeal. The trial court held a consolidated hearing on February 5, 2016, and found Appellant guilty. It immediately sentenced Appellant to pay an aggregate fine of one hundred and twenty-five dollars, the costs of prosecution, the costs of the appeal, and an aggregate sum of sixty-one dollars in fees. The instant timely appeal followed.

On February 19, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Appellant did not file his concise statement of errors complained of on appeal until March 30, 2016. On May 6, 2016, the trial court issued an opinion, stating that it believed Appellant had waived all issues on appeal because of his failure to file a timely Rule 1925(b) statement. (**See** Trial Ct. Op., at 4); Pa.R.A.P. 1925(a).

Appellant's "briefs" in this matter consist of two separate packets of paper. The first, filed in this Court on June 2, 2016, includes a page and a half letter complaining of rampant civil rights violations in Somerset County, which does include a partial description of the events of July 1, 2015, that gave rise to the charge of disorderly conduct. (**See** Appellant's Brief 1, 6/02/16, at unnumbered pages 1-2). It then details Appellant's contention that beginning in 1977 and continuing until the present, he has been the victim of a plot by Somerset County officials. (**See id.** at unnumbered pages 3-12). Appellant includes his version of the events that gave rise to the instant charges. (**See id.** at unnumbered pages 10-12). He has attached to that a copy of an April 6, 2016 letter from the Office of the Attorney General, and the transcript of the trial court proceedings in the instant matter.

The second packet, filed in this Court on July 11, 2016, consists of an eleven-page letter again detailing an alleged decades-long conspiracy to

harm Appellant and his family, waged by various officials from Somerset County. (*See* Appellant's Brief 2, 7/11/16, at unnumbered pages 1-11). Again, Appellant does include his version of the events on July 3 and 5, 2015. (*See id.* at unnumbered pages 9-11).

Appellant's "briefs" utterly fail to comply with our appellate rules. Pursuant to Pennsylvania Rule of Appellate Procedure 2111:

> **(a) General rule.**—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
>
> (1) Statement of jurisdiction.
>
> (2) Order or other determination in question.
>
> (3) Statement of both the scope of review and the standard of review.
>
> (4) Statement of the questions involved.
>
> (5) Statement of the case.
>
> (6) Summary of argument.
>
> (7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
>
> (8) Argument for appellant.
>
> (9) A short conclusion stating the precise relief sought.
>
> (10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
>
> (11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111.

Pennsylvania Rule of Appellate Procedure 2119 provides:

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

**(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

**(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).

**(d) Synopsis of evidence.** When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

**(e) Statement of place of raising or preservation of issues.** Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.

**(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119.

In this case, Appellant has failed to comply with the mandates of Rules 2111 and 2119. "When issues are not properly raised and developed in briefs, and when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Commonwealth v. Sanford**, 445 A.2d 149, 150 (Pa. Super. 1982) (citations omitted).

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding, must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007) (citations omitted).

Here, Appellant's "briefs" do not contain any argument, a statement of the questions involved, or any citation to legal authority as required by Pennsylvania Rules of Appellate Procedure 2111 and 2119. Thus, the defects in Appellant's brief are significant and substantially encumber our appellate review. **See** Pa.R.A.P. 2101 ("if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). Accordingly, because Appellant's briefs are defective to the point that they constitute a violation of Pa.R.A.P.

2101, we dismiss the appeal.[4]  ***See Sanford****, supra* at 150; ***see also***

Pa.R.A.P. 2101.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/22/2016

_____

[4] Moreover, even if we did not dismiss the appeal based upon Appellant's deficient "briefs", we would still find all of his issues waived because of his failure to file a timely Rule 1925(b) statement.  ***See Commonwealth v. Castillo***, 888 A.2d 775, 776 (Pa. 2005); ***Commonwealth v. Butler***, 812 A.2d 631, 634 (Pa. 2002).