J-S66020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MAURICE LONZO TIGNEY | : | |
| | : | |
| Appellant | : | No. 107 WDA 2017 |

Appeal from the PCRA Order December 13, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012277-2012

BEFORE:   BENDER, P.J.E., DUBOW, J., and PLATT*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 30, 2017**

Appellant Maurice Lonzo Tigney seeks review of the denial of his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  He avers that trial counsel provided ineffective assistance at sentencing and challenges the discretionary aspects of his sentence.  We affirm.

On June 4, 2014, the trial court sentenced Appellant to a term of 20 to 40 years' incarceration after a jury convicted him of Third-Degree Murder in connection with the August 25, 2012 shooting death of Gary Hager in Pittsburgh.[1]   After the denial of his Post-Sentence Motion, Appellant

_____

[1] Hager had approached Appellant in the parking lot of a convenience store to demand that Appellant return his money because Appellant had sold him fake crack cocaine.  **See** N.T. Trial, March 18-21, 2014, at 118-127.

_____

*   Retired Senior Judge assigned to the Superior Court.

appealed to this Court.[2] We affirmed the Judgment of Sentence, and Appellant did not seek further review. *See Commonwealth v. Tigney*, 1500 WDA 2014 (Pa. Super. filed July 8, 2015) (unpublished memorandum).

Appellant filed the instant PCRA Petition on January 20, 2016. The court appointed counsel, and on April 29, 2016, counsel filed a Motion to Withdraw and a *Turner/Finley*[3] "no-merit" letter. On May 6, 2016, the PCRA court filed a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907(1), and granted counsel's request to withdraw from representation. Appellant filed a *pro se* Response to the Rule 907 Notice in August 2016. On December 14, 2016, the PCRA court dismissed the Petition.

Appellant timely appealed *pro se*. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

Appellant presents the following questions for review in his Brief:

1. Did the [t]rial [c]ourt abuse its discretion in failing to grant Petitioner's ineffective assistance of counsel claims?

2. Was [Appellant] denied the effective assistance of counsel guaranteed by the 6th amendment?

3. Did the sentencing judge abuse its discretion in failing to state reason for the sentence imposed?

---

[2] Appellant did not challenge the discretionary aspect of his sentence in that appeal.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

4. Did the sentencing judge abuse its discretion in failing to consider factors mandated by 42 Pa.C.S. § 9721(b)?

Appellant's Brief at 1 (numbering added; spelling and grammatical errors corrected).

As a prefatory matter we note that, although appellate courts are "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Lyons****,* 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). Further, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982).

Here, Appellant's Brief provides one argument under one heading, "Argument," rather than presenting an argument separately for each question raised as required by Pa.R.A.P. 2119(a). In addition, although Appellant provides some citations to the record and case law, his argument is disjointed, rambling, and comprised mostly of self-serving, conclusory statements of error. Although such a poorly developed argument would

support a finding of waiver of the issues on appeal, the PCRA court was able to discern the gist of the issues Appellant raised in his Pa.R.A.P. 1925(b) Statement, which that court characterized as "unduly vague," through review of Appellant's Response to the Rule 907 Notice to Dismiss. PCRA Ct. Op., dated 6/21/17, at 6. Appellant's Brief to this Court essentially mirrors the arguments presented in his Rule 907 Response. Notwithstanding the defects in Appellant's Brief, in the interests of judicial economy, we decline to find waiver.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Appellant challenges the effective assistance of trial counsel at sentencing, and the PCRA Court's exercise of its discretion in failing to grant him relief on this claim. Specifically, Appellant contends that "trial counsel failed to ensure that the sentencing judge was aware of the requisite aspects of sentencing," "failed to correct erroneously high sentencing guidelines," and "failed to present mitigation evidence." Appellant's Brief at 6.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Id***. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

With respect to sentencing, our Supreme Court "has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing ***Commonwealth v. Devers***, 546 A.2d 12, 18-19 (Pa. 1988)).

In its Rule 1925(a) Opinion, the PCRA court addressed Appellant's claim of ineffective assistance of trial counsel at sentencing as follows:

> In the event that [Appellant] is referring to trial counsel's purported ineffectiveness for failing to "advocate and advance

mitigat[ing] factors" relating to [Appellant's] character and remorse at sentencing, such a claim [ ] lacks arguable merit. [Appellant] fails to specify the existence of any character witnesses that would have been willing and able to testify at his sentencing hearing. Even if such character witnesses existed, [Appellant] is unable to show that he suffered actual prejudice due to their absence at sentencing. Indeed, this court presided over the trial and was well-familiar with the facts of the case, including the fact that [Appellant] did not flee from the scene after he killed the victim. However, given the cold, calculated, and serious nature of [Appellant's] offense conduct, the victim impact evidence presented at sentencing, and the other relevant sentencing factors, the court is confident that any character testimony would not have impacted the court's determination as to his sentence. Similarly, [Appellant's] general "remorse" for his crimes also was considered by this court, but was insufficient to warrant a lesser sentence. The court also notes that the facts adduced at trial completely rebutted [Appellant's] claim that he killed the victim to protect his father, and the jury completely rejected any such notion that [Appellant] shot the victim three times in the back in order to protect his father.

Additionally, the court was already aware of certain mitigating factors relating to [Appellant,] his history, and his background, and it did not need trial counsel to reiterate those factors at sentencing. For example, the court had reviewed the presentence report prior to sentencing and it was aware of the fact that [Appellant's] mother had passed away months before the incident. The mitigating evidence, however, was insufficient to overcome the other, more compelling sentencing factors which warranted the standard range sentence of 20-40 years. Accordingly, this court did not commit error in finding that [Appellant's] sentencing claims did not contain arguable merit[.]

PCRA Ct. Op., dated 6/21/17, at 8-9.

With respect to Appellant's allegation that the sentence imposed was "erroneously high," the PCRA court observed the following:

[Appellant] did not have any prior convictions and had a prior record score of 0. The [] guideline range was properly calculated; his sentence was within the standard range of the guidelines; and the sentence did not exceed the statutory

maximum limits. Accordingly, the court did not impose an illegal sentence in any respect, and any sentencing claim as to the legality or propriety of his sentence should be rejected on appeal.

*Id*. at 8.

Addressing Appellant's contention that trial counsel failed to present argument and information pertinent to the application of the sentencing guidelines, the PCRA court noted that Appellant "does not specify what aspect of the sentencing guidelines should have been challenged at sentencing," and the court was, thus, unable to address the argument. PCRA Ct. Op. at 10. The PCRA court nonetheless provided the following information in response to Appellant's averment:

> [T]he court [ ] notes that it had the benefit of [Appellant's] presentence report to aid in its determination of sentence, and the sentencing guidelines were properly calculated. Stated simply, [Appellant] is unable to prove that his seasoned and competent trial attorney, Lisa Phillips, Esq., provided deficient representation at any point during her representation, whether it be at trial or at sentencing. Because [Appellant] is unable to prove that he suffered any actual prejudice from any purported omission of trial counsel, [this] contention on appeal is without merit.
>
> * * *
>
> As noted, the sentencing guidelines were calculated properly, and this court considered all the factors set forth in § 9721(b) in determining that the standard range sentence of 20-40 years was the appropriate sentence in this case.

*Id*. at 10-11.

Our review of the certified record, including the sentencing transcript, supports the PCRA court's denial of relief. Appellant's attempt to attack the discretionary aspects of his sentence by alleging trial counsel ineffectiveness

- 7 -

fails to acknowledge the existence of, and the trial court's reliance on, the presentence report. His conclusory allegations of trial counsel error are not supported by facts or relevant law and fail to rebut the presumption that trial counsel provided effective assistance. **See Rivera**, **supra**.

Accordingly, we affirm the PCRA court's denial of relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2017