J-S18032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANTANDER BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VIATCHESLAV BOIKO AND LUDMILA | : | |
| BOIKO | : | |
| | : | |
| | : | No. 1395 MDA 2019 |
| Appellants | : | |

Appeal from the Order Entered July 23, 2019
In the Court of Common Pleas of Centre County Civil Division at No(s):
18-4036

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:   **FILED: MAY 18, 2020**

Appellants/Defendants, Ludmila and Viatcheslav Boiko, appeal *pro se* from the order granting summary judgment in favor of Appellee/Plaintiff Santander Bank ("Santander") in this mortgage foreclosure action. Appellants' failure to state issues, make cogent legal arguments, and meet other briefing requirements in their appellate brief prevents us from providing meaningful review of their appeal.  Accordingly, we quash.

On October 9, 2018, Santander filed a Complaint against Appellants alleging that, on August 3, 2011, they signed with Santander a Home Equity Line of Credit Agreement and obtained a line of credit in the amount of $144,000.00.  Santander secured the loan with a Mortgage encumbering Appellants' principal residence located at 1174 Westerly Parkway, State

_____

[*] Former Justice specially assigned to the Superior Court.

College, Pennsylvania. Approximately five years later, starting on October 23, 2016, and for every month thereafter, Appellants failed to make the monthly payment due under the Agreement and Mortgage. By the terms of the Agreement and Mortgage, Appellants were, therefore, in default.

Santander Bank's Complaint further alleged that Act 91 Notices of Default and Intention to Foreclose Mortgage were sent to Appellants before the foreclosure action was filed, but Appellants failed to respond or cure the default. Copies of the Notices were attached as exhibits to the Complaint. At the time the Complaint was filed, the amount owed to the bank was $134,482.26, with interest accruing on the unpaid balance at the rate of $18.48 per day. Appellants filed an Answer that was unresponsive to the allegations set forth in the Complaint except to deny the averment that Ludmila Boiko was a co-mortgagor.

On February 24, 2019, Santander filed a Motion for Summary Judgment, to which Appellants again offered the response—without any supporting documentation—denying that Ludmila Boiko was a co-mortgagor, even though her signature appears on the Mortgage. Oral argument was held on July 19, 2019, where Appellants also alleged housing conditions they described as "unlivable" through no fault of their own, financial difficulties, refusal of assistance from public agencies, and the bank's unwillingness to grant Appellants' request to modify loan terms as reasons to deny the bank's motion. The court, however, viewing Appellants' issues as unfortunate but, ultimately, immaterial to the mortgage foreclosure action filed against them,

granted summary judgment in favor of Santander Bank. This timely appeal followed.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports,

an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

Initially, we note that Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497–98 (Pa.Super. 2005); Pa.R.A.P. 2101. Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa.Super. 2003). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa.Super. 2014).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

Rule 2111. Brief of the Appellant

(a) General Rule.—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the question involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for the appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a)(1)–(10) (emphasis added). Rules 2114 through 2119 detail the material to be included in briefs on appeal. *See* Pa.R.A.P. 2114–2119. Specifically, Rule 2119 addresses the argument section of appellate briefs and provides, in part, as follows:

Rule 2119. Argument

(a) General rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

It is well-established that "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149, 150 (1982).

*Commonwealth v. Tchirkow*, 160 A.3d 798, 804–05 (Pa.Super. 2017). *See also In re Estate of Whitley*, 50 A.3d 203, 209-10 (Pa.Super. 2012) (explaining that the failure to cite relevant legal authority constitutes waiver of the claim on appeal).

Herein, Appellants' brief, which consists of 16 pages of running narrative without any identification of specific issues or argument,[1] runs afoul of

---

[1] Appellants' brief repeatedly alleges that the trial court, in granting summary judgment, "conspired" with the housing authority, the powerful banks, and their lawyers "to ruin Appellants financially." Central to this theme is a complaint that the trial court wrongly credited plaintiff bank's testimony and evidence while finding Appellants' testimony well-intentioned but largely irrelevant. Our review of the record, however, finds support for the court's weighing of the evidence, such that we find no abuse of discretion or error of law with the court's assessment.

Pa.R.A.P. 2111(a)'s directive that a brief shall include all requisite content enumerated under separate and distinct headings. More detrimental to Appellants' cause, however, is that their brief offers only bare assertions without a single cogent legal argument supported with citations to the record and controlling authority, in contravention of Pa.R.A.P. 2119(a). Because of the considerable defects in Appellant's brief, we are unable to perform meaningful appellate review. We, therefore, quash the present appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/18/2020

---

Finally, to the limited extent Appellants' brief reflects their Pa.R.A.P. 1925(b) statement, we adopt the responsive and well-reasoned Pa.R.A.P. 1925(a) opinion of the Honorable Katherine V. Oliver, in which she comprehensively discusses each claim with proper consideration of the record and controlling law warranting the grant of summary judgment in the instant matter. (**See** Trial Court Opinion, filed September 27, 2019).