J-S08021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEATHER HOFFMAN | : | |
| | : | |
| Appellant | : | No. 1288 MDA 2020 |

Appeal from the Order Entered September 3, 2020,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0005267-2003.

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: MAY 3, 2021**

Heather Hoffman appeals *pro se* from the trial court's order denying her motion for limited access.  We quash.

The trial court summarized the pertinent facts and procedural history as follows:

> On or about December 1, 2003, [Hoffman] was charged with stalking, a misdemeanor of the first degree.  This charge was filed when [Hoffman] committed harassment through communication with the victim after [Hoffman] had been directed by an officer to cease communication with that victim.  Pursuant to an agreed upon [*Alford*] plea, [Hoffman] was sentenced to six (6) to twenty-three (23) months [of] incarceration followed by three (3) years of probation.  That charge held a maximum potential sentence of five (5) years.  Then, in 2014, [Hoffman] was charged and found guilty of simple assault (M2), harassment (S), and disorderly conduct (S) in Chester County.  She was

_____

[*] Former Justice specially assigned to the Superior Court.

sentenced to two (2) days to twenty-three months on that matter.

On August 18, 2020, [Hoffman] filed a Motion for Limited Access to the criminal charge pursuant to Pa Rule of Criminal Procedure 791 with [the trial court]. In response to that motion, the Commonwealth opposed it for two reasons. First, the Commonwealth pointed to the statute stating that a stalking conviction [(18 Pa.C.S.A. § 2709.1)] is not qualified for limitation as it falls within one of the exceptions under [18 Pa.C.S.A.] § 9122.1(b). Second, [Hoffman] has been convicted of a new offense within the last 10 years and therefore ineligible for limitation under § 9122.1(a). [The trial court] agreed with the Commonwealth and denied [Hoffman's] motion on September 2, 2020.

Trial Court Opinion, 10/28/20, at 1-2 (footnotes and excess capitalization omitted). This timely *pro se* appeal followed. Both Hoffman and the trial court have complied with Pa.R.A.P. 1925.

Hoffman filed her *pro se* brief with this Court on January 5, 2021. Rather than file an appellate brief, the Commonwealth has filed a motion to quash Hoffman's appeal because she "has blatantly failed to follow" Pa.R.A.P. 2111, relating to the contents of an appellate brief. Motion to Quash, 1/8/21, at 3.[1] The Commonwealth therefore contends that we should suppress Hoffman's brief and quash the appeal pursuant to Pa.R.A.P. 2101.[2]

_____

[1] On January 28, 2021, Hoffman filed an application for relief, titled "Motion to Clarify Record, in which she emphasizes certain facts from the record, and inappropriately provides additional argument. Although we will review all of the facts appearing in the certified record, we deny Hoffman's application for relief.

[2] Hoffman filed a response to the Commonwealth's motion on January 15, 2021, in which she conflates the rules of appellate procedure and argues the merits of her underlying appeal.

Upon review, we make the following observations. First, with regard to Hoffman's *pro se* brief, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." *Id.* This Court has stated:

> [A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***Commonwealth v. Maris***, 427 Pa. Super. 566, 629 A.2d 1014, 1017 n.1 (1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. *Id.* This Court may quash or dismiss an appeal if an appellate brief fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.*, Pa.R.A.P. 2101.

***Commonwealth v. Freeland***, 106 A.2d 768, 776-77 (Pa. Super. 2014) (citations omitted).

Second, Pennsylvania Rule of Appellate Procedure 2111(a) mandates that the brief of the appellant "shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of Jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Citing the above rules, this Court has explained that we "will not consider the merits of an argument, which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012); *see also Commonwealth v. Sanford*, 445 A.2d 149 (Pa. Super. 1982).

Hoffman has not even attempted to structure her brief to comply with the Rule 2111(a) requirements. The multiple shortcomings therein have hampered effective appellate review. *See Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006); *Sanford*, *supra*.

For example, Hoffman's "brief" does not contain a statement of issues, let alone argument supported by citation to pertinent authority. Rather, her filing consists of a less than a page and a half of statements, including a bare assertion of ineffectiveness of counsel regarding her Chester County appeal, and other complaints that she was denied access to the courts and (unidentified) exculpatory evidence. *See* Hoffman's Brief at 1. Although she contends that there have been substantial changes to the "Clean Slate laws," she does not cite any particular statute, and makes no reference to the trial court's finding that she is ineligible for relief. *Id.* Finally, Hoffman contends that cruel and unusual punishments have been inflicted on her and refers to being sued for unpaid rent. *Id.*

Our reading of Hoffman's brief readily establishes that she misapprehends the Superior Court's role as an appellate court. This Court's appellate function is to correct legal errors made by the trial court. It is not our duty or our prerogative to give *pro se* litigants a "do over," based upon their ignorance of the judicial system or our Rules of Appellate Procedure. As noted above our appellate rules provide that if defects in a brief are substantial, then we may quash the appeal. *Freedland*, *supra*; *Sanford*, *supra*. We do so now, because the defects in Hoffman's p*ro se* brief are substantial.

Motion to Quash granted. Application for Relief denied. Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/03/2021