J-S33038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTA LEIGH JOESTEN | : | |
| | : | |
| Appellant | : | No. 33 WDA 2023 |

Appeal from the Judgment of Sentence Entered December 7, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0000418-2021

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED: SEPTEMBER 25, 2023**

Appellant Krista Leigh Joesten appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Allegheny County following her conviction on the sole charge of failure to stop for traffic-control signals (a red light), 75 Pa.C.S.A. § 3112(a)(3)(i).  After a careful review, we dismiss this appeal.

The relevant facts and procedural history have been aptly set forth by the trial court as follows:

> [Appellant] appealed her Magisterial District Court conviction for violating 75 Pa.C.S.A. § 3112 (failure to stop for traffic-control signals).  The [summary appeal trial] date of November 3, 2021, was hand-written on the Notice of Appeal.  A Commonwealth Motion for Postponement was granted, and the case was rescheduled for February 23, 2022.  The Commonwealth filed another Motion for Postponement.  [Appellant objected], and

---

[*] Former Justice specially assigned to the Superior Court.

a [trial] was scheduled on the Motion, but [Appellant] failed to show, so the postponement was granted[.] [T]he case was rescheduled for April 20, 2022. A Motion for Postponement for [Appellant] was granted, and the case was rescheduled for July 19, 2022. Another Commonwealth Motion for Postponement was granted on July 19, 2022, and the case was rescheduled for October 10, 2022. The [trial] court noted it was the last Commonwealth Postponement that would be granted. The case was postponed by the [trial] court to December 7, 2022.

A [summary trial] occurred on December 7, 2022. The victim and the [police] officer, who were witnesses [for the Commonwealth], both appeared. [Appellant did not appear.] The [trial] court entered an Order dismissing [Appellant's] summary appeal after [Appellant] failed to appear, and [the court] entered judgment on the judgment of the issuing authority. [Appellant] filed a [*pro se*] notice of appeal to the Superior Court of Pennsylvania on January 4, 2023….On January 6, 2023, [Appellant] was Ordered to file a [Pa.R.A.P.] 1925(b) Concise Statement of Errors Complained of on Appeal within 21 days, which [Appellant timely] filed on January 26, 2023. [The trial court filed a Rule 1925(a) opinion on February 27, 2023.]

Trial Court Opinion, filed 2/27/23, at 1-2.

Initially, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." *Id.* This Court has stated:

[A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Id.*** This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***, Pa.R.A.P. 2101.

***Commonwealth v. Freeland***, 106 A.3d 768, 776-77 (Pa.Super. 2014) (citations omitted).

Further, Pennsylvania Rule of Appellate Procedure 2111(a) mandates that the brief of the appellant shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of Jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Citing the above rules, this Court has explained that we "will not consider the merits of an argument, which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver

of the claim on appeal." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super. 2012). *See Commonwealth v. Sanford*, 445 A.2d 149 (Pa.Super. 1982).

In the case *sub judice*, Appellant has not attempted to structure her brief to comply with the Rule 2111(a) requirements, thus hampering effective appellate review. *Sanford*, *supra*. Specifically, aside from a short conclusion wherein she requests a new trial, Appellant's brief consists solely of a "Statement of the Case" and "Argument," wherein she sets forth a combined total of five pages consisting of her version of factual events with bald assertions of error.

Relevantly, her brief contains no statement of jurisdiction, no statement of scope and standard of review, no statement of questions involved, no summary of argument, no citations to the record or legal authority, and no coherent, developed argument. *See* Pa.R.A.P. 2111(a). While she has attached the trial court's Rule 1925(a) opinion to her brief, she has not attached a copy of her Rule 1925(b) statement.

As this Court has held:

> When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. The Rules of Appellate Procedure clearly provide that an appeal may be quashed "if the defects are in the brief…of the appellant and are substantial[.]" Pa.R.App.P. 2101.

*Sanford*, 445 A.2d at 150-51 (citing *Commonwealth v. Holcomb*, 396 A.2d 29 (Pa.Super. 1978)) (other citations omitted). *See Commonwealth v.*

*Merwine*, 1651 MDA 2022, 2023 WL 4487770 (Pa.Super. filed 6/12/23) (unpublished memorandum) (dismissing appeal where the appellate brief failed to conform to Rule 2111(a)); *Commonwealth v. Nachmenson*, 540 MDA 2020, 248 A.3d 497 (Pa.Super. filed 1/22/21) (unpublished memorandum) (quashing appeal where the defects in the *pro se* brief were substantial and prevented meaningful review); *K.B. v. D.A.P.*, 598 MDA 2021, 2021 WL 4739422 (Pa.Super. filed 10/12/21) (unpublished memorandum) (quashing appeal where the appellate brief failed to raise or properly address any issues); *Commonwealth v. Bradbury*, 530 MDA 2021, 2021 WL 4593392 (Pa.Super. filed 10/6/21) (unpublished memorandum) (dismissing appeal due to wholly defective brief); *Commonwealth v. Hoffman*, 1288 MDA 2020, 2021 WL 1743018, *2 (Pa.Super. filed 5/3/21) (unpublished memorandum) (quashing appeal due to defective appellate brief and noting it is not our duty to give *pro se* litigants a "do over" based on their lack of legal knowledge).[1]

As in the cases cited *supra*, we find the defects in Appellant's brief are substantial so as to preclude effective appellate review. We recognize that Appellant is proceeding *pro se* in this summary traffic appeal. However, we

---

[1] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. We find guidance in the unpublished memorandums cited *supra* and find them to be persuasive in this matter.

- 5 -

decline to become Appellant's counsel. While we are willing to construe liberally materials filed by a *pro se* litigant, "[a]ny layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa.Super. 1996) (citation omitted).

Based on the aforementioned, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2023