J-S30027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                 PENNSYLVANIA
:
v.                         :
:
:
PEDRO LEON                     :
:
Appellant            :     No. 1735 MDA 2023

Appeal from the Judgment of Sentence Entered November 16, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001798-2023

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY SULLIVAN, J.:       **FILED: SEPTEMBER 27, 2024**

Pedro Leon ("Leon") appeals *pro se* from the judgment of sentence following his conviction by jury for criminal attempt to commit possession of a controlled substance.[1] Following our review, we dismiss the appeal.

Based on our disposition, we need not discuss the factual and procedural history in depth. The Commonwealth charged Leon with criminal attempt to commit possession of a controlled substance. *See* Information, 6/26/23. Leon was appointed counsel from the public defender's office, but he elected to proceed *pro se* for his jury trial, and the trial court permitted Leon to try his case *pro se* with the assigned public defender acting as standby counsel. *See* Trial Court Opinion, 2/26/24, at 2; Notice of Appeal, 12/22/23

_____

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. § 901(a) – 35 P.S. § 780-113(a)(16).

(unnumbered at 1) (Leon asserting he had "fired [his] lawyer"); Order, 11/16/23 (noting Leon's prior waiver of his right to counsel). The jury convicted Leon. *See* Recordation of Verdict, 10/26/23. The trial court later imposed a standard-guideline-range sentence of eleven-and-a-half to twenty-three months of incarceration to be served consecutively to a sentence for an unrelated docket. *See* Commitment Authorization, 11/16/23; Guidelines, 12/22/23. Leon filed a *pro se* post-sentence motion, which the trial court denied. *See* Post-Sentence Mot., 11/27/23; Order, 11/30/23. Leon timely appealed.

Before reaching the merits of Leon's issues, we must consider whether the defects in his brief require dismissal of the appeal. Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." *Id*.; *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). This Court has stated:

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Freeland*, 106 A.3d 768, 776-77 (Pa. Super. 2014) (internal citations, quotations, and brackets omitted). Pa.R.A.P. 2111(a)

requires the inclusion of, *inter alia*, a statement of jurisdiction, the order or determination in question, the scope and standard of review, statement of questions involved, statement of the case, summary of the argument, and argument for the appellant. **See generally** Pa.R.A.P. 2111(a). Where issues are not properly raised and developed in briefs and the briefs are "wholly inadequate to present specific issues for review," this Court will quash or dismiss the appeal. **Commonwealth v. Sanford**, 445 A.2d 149, 150-51 (Pa. Super. 1982). Indeed, while we are willing to construe liberally material filed by a *pro se* litigant, a "layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." **Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996) (internal citation, quotations, and brackets omitted).

Here, while Leon purports to raise six issues on appeal, **see** Leon's Brief at 1, he fails to set forth in his two-page brief the standard and scope of review, statement of the case, summary of the argument, and any meaningful argument concerning his issues. **See generally** Leon's Brief. These substantial deficiencies impede our ability to review this appeal. Therefore, we dismiss the appeal. **See Freeland**, 106 A.3d at 776-77; **Sanford**, 445 A.2d at 150-51; **Rivera**, 685 A.2d at 1013.

Appeal dismissed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/27/2024