J-A24006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHANNAN MCGINNISS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN HIRSCH | : | |
| | : | |
| Appellant | : | No. 1313 EDA 2024 |

Appeal from the Order Entered April 29, 2024
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2016-60222

MEMORANDUM PER CURIAM: **FILED FEBRUARY 3, 2025**

Brian Hirsch (Father) appeals, *pro se*, from the order, entered in the Court of Common Pleas of Bucks County, granting Shannan McGinniss (Mother) primary legal and physical custody of their minor child (Child) (born 7/2015), and granting Father supervised visitation. We quash this appeal.

This protracted custody litigation began when Child was seven months old. Child, now aged nine, currently resides with Mother in Yardley, Bucks County. Father resides in New Jersey. Pursuant to a June 18, 2018 court order, Mother was granted primary physical custody of Child, and Father was granted partial physical custody of Child. The order provided the parties share legal custody. Thereafter, Mother filed a petition for modification of custody and a petition for contempt, and Father filed a counter-petition for contempt. On October 7, 2020, the court held a hearing on these petitions. The court found Father in willful contempt of the 2018 custody order, granted Mother

primary physical and sole legal custody of Child, and granted Father supervised visitation.

Thereafter, both parties filed petitions for contempt, Father filed a petition for modification of custody, and Father filed a petition for recusal. Following a two-day hearing, the court denied Mother's petition for contempt, granted Father's petitions for contempt, and denied Father's petition for modification of custody. The court continued Mother's primary physical custody subject to Father's periods of supervised visitation, and continued Mother's sole legal custody.

On May 7, 2024, Father filed a notice of appeal. Father failed to file a Rule 1925(b) concise statement of errors complained of on appeal contemporaneously with his notice of appeal, as required by Pa.R.A.P. 1925(a)(2). Father ultimately filed his statement on May 14, 2024.[1]

Father raises eleven issues on appeal. However, due to Father's failure to substantially comply with the requirements of the Pennsylvania Rules of Appellate Procedure, we quash this appeal. We begin by emphasizing the clear mandate of Pa.R.A.P. 2101:

> *Briefs and reproduced records shall conform in all material respects with the requirements of these rules* as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, *if the defects are in the brief or*

---

[1] The trial court characterized Father's statement as "hardly coherent[,]" "better considered an angry diary entry[,]" and "lack[ing] clarity[.]" Trial Court Opinion, 5/21/24, at 4. Nonetheless, the court explained its reasoning for denying Father's petitions. *Id.* at 8-16.

> *reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.*

Pa.R.A.P. 2101 (emphasis added). "When issues are not properly raised and developed in briefs, [or] when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).

Further, this Court has explained that we "will not consider the merits of an argument, which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." **In re Estate of Whitley**, 50 A.3d 203, 209 (Pa. Super. 2012). **See Commonwealth v. Sanford**, 445 A.2d 149 (Pa. Super. 1982). An appellate brief must support the claims presented with citation to and discussion of pertinent legal authorities. **See** Pa.R.A.P. 2119(a)-(c).

Here, Father's brief contains **no Argument section**. Father's brief does include a Summary of the Argument section, however, that section begins with an irreverent remark aimed toward "the court,"[2] and continues with a litany of complaints, devoid of argument or citation to any legal authority. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Umbelina v. Adams**, 34 A.3d 151, 161 (Pa. Super. 2011), quoting **In re W.H.**, 25 A.3d

---

[2] **See** Appellant's Brief, at 12 ("Why should the court even give a sh--?").

330, 339 (Pa. Super. 2011); **see also** Pa.R.A.P. 2119(a). Our rules of appellate procedure are explicit that the argument contained within a brief must contain "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. **It is not the obligation of [the appellate court] to formulate [the a]ppellant's arguments**[.]" **Wirth v. Com.**, 95 A.3d 822, 837 (Pa. 2014) (emphasis added). **See Krauss v. Trane U.S. Inc.**, 104 A.3d 556, 584 (Pa. Super. 2014) (this Court will not act as counsel and will not develop arguments on behalf of appellant); **J.J. DeLuca Co., Inc. v. Toll Naval Assoc.**, 56 A.3d 402, 411 (Pa. Super. 2012) (same).

> [A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. [**See**] Pa.R.A.P. 2101.

**Commonwealth v. Freeland**, 106 A.3d 768, 776-77 (Pa. Super. 2014) (citations omitted).

We conclude, therefore, that Father's failure to develop his issues on appeal with any argument or citation to relevant authorities constitutes waiver of his claims. **See Lackner v. Glosser**, 892 A.2d 21 (Pa. Super. 2006) (explaining arguments not appropriately developed with citation to relevant

authority are waived on appeal). Father's complaints fail to provide this Court with any meaningful argument and, thus, this Court is precluded from meaningful review. *See* Pa.R.A.P. 2101, 2119(a)-(c); *see also Krauss*, *supra*. Accordingly, we quash this appeal. *See* Pa.R.A.P. 2101.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/3/2025