J-A07043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARRINGTON KEVON JOSEPH | : | |
| | : | |
| Appellant | : | No. 1220 MDA 2025 |

Appeal from the PCRA Order Entered August 14, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002224-2014

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:                    **FILED: APRIL 2, 2026**

Appellant, Carrington Kevon Joseph, appeals *pro se* from the post conviction court's August 14, 2025 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

This Court adopted the trial court's summarization of facts underlying Appellant's conviction in our decision affirming his judgment of sentence, as follows:

> At trial, the Commonwealth established the following, gruesome facts.  On May 2, 2014, [Appellant] stabbed the victim, his wife, more than eighty (80) times.  The majority of the wounds were to the victim's abdomen, neck, and head.  During the attack, [Appellant] broke two knives and made multiple trips to the kitchen to retrieve additional knives.  At one point, the victim attempted to stagger out of the apartment's front door and, as the victim's family attempted to assist her, [Appellant] pointed the knife at them and told them to move back before they too got stabbed.  [Appellant] then dragged the victim back into the

apartment and closed the door to continue his attack. During the majority of this extended attack, the victim was laying [*sic*] helplessly on the ground. [Appellant's] infant children were seated in their car seats in the room in which the attack took place. [Appellant] was described as calm throughout this whole incident and, after being taken into custody, calmly recounted these facts, in great detail, with little remorse shown.

**Commonwealth v. Joseph**, No. 2033 MDA 2016, unpublished memorandum at 1-2 (Pa. Super. filed July 14, 2016) (internal citations to the record omitted).

This Court set forth some procedural history in our decision affirming the denial of Appellant's first PCRA petition as follows:

Appellant was arrested and charged with homicide. In exchange for waiving his right to a jury trial, the Commonwealth agreed not to pursue the death penalty. Appellant's [non-jury] trial began on October 1, 2015, and then continued from November 9 to 12, 2015. At trial, Appellant did not testify, but counsel's cross-examination of witnesses and closing argument focused on Appellant's position that he should be acquitted based upon self-defense. On November 12, 2015, the trial court convicted Appellant of first-degree murder, and on December 15, 2015, he was sentenced to life in prison without the possibility of parole.

Appellant did not file a post-sentence motion, but timely filed a direct appeal. On July 14, 2016, a panel of this Court affirmed Appellant's judgment of sentence. [**See id.**] Specifically, this Court concluded the evidence was sufficient to sustain Appellant's conviction and held that "Appellant's overall conduct was not the result of a heated exchange between the victim and him, nor were his actions the product of self-defense." **Id.** at 4. [Appellant did not file a petition for allowance of appeal with our Supreme Court.]

On September 12, 2016, Appellant filed [a] *pro se* [] PCRA petition. Counsel was appointed, and on December 23, 2016, counsel filed a petition to withdraw as counsel and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On March 21, 2017, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the

petition in 20 days without a hearing. Appellant timely filed *pro se* a response, and on May 11, 2017, the PCRA court dismissed Appellant's petition and permitted counsel to withdraw. Appellant filed a notice of appeal. The PCRA court did not order Appellant to file a concise statement, but did file an opinion indicating its reliance on the memorandum accompanying its [Rule] 907 notice.

***Commonwealth v. Joseph***, No. 823 MDA 2017, unpublished memorandum at 2-3 (Pa. Super. filed Jan. 18, 2018). This Court affirmed the decision of the PCRA court. ***Id.*** Appellant thereafter litigated two more PCRA petitions, as well as a petition for writ of *habeas corpus* in federal court, all of which were unsuccessful.

On June 2, 2025, Appellant filed his fourth, *pro se* PCRA petition, titled Amended Petition for Post[] Conviction Relief Pursuant to 42 Pa.C.S. § 9543, which underlies the instant appeal. Therein, Appellant made numerous allegations under which he believes he should receive relief, including: (1) no autopsy photographs were displayed at trial, (2) the weapons in question were not displayed at trial, (3) the trial judge was engaged in an affair with the victim's mother, (4) a fight broke out at trial and no mistrial was declared, (5) Kieanna Cowen and Porschia Garcia provided perjured and/or inconsistent testimony, (6) his confession was illegally obtained, (7) the victim's prints were on a knife, and (8) his Pa.R.Crim.P. 600 rights were violated. ***See*** Amended Petition for Post[] Conviction Relief Pursuant to 42 Pa.C.S. § 9543 ("Amended Petition"), 6/2/25, at 5-22. An attachment to Appellant's Amended Petition entitled, "Governmental Interference – Statement of Facts," set forth all of the issues included in the Amended Petition except for the Rule 600 issue, and raised four additional issues including: the government illegally

- 3 -

seized money from a safe, the colloquy of Appellant was illegal due to his drug use, there was improper governmental interference in his custody and PFA matters, including attempts by the judiciary to have Appellant killed, and the confession tapes were not properly played at trial.  *See* Amended Petition at Governmental Interference – Statement of Facts.

On July 15, 2025, the Commonwealth filed an answer to Appellant's Amended Petition as court ordered.  On July 17, 2025, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis it was untimely and had not met any exception to the timeliness requirements of the PCRA.  The court explained:

> [Appellant] argues that his PCRA petition is timely under all three exceptions.  First, [Appellant] claims that 42 Pa.C.S. § 9545(b)(1)(i) should apply due to governmental interference.  This exception allows for filing of an untimely PCRA [petition] when "failure to raise the claim previously was the result of government interference with the presentation of the claim." [Appellant] avers the following under this exception: (1) the prosecution did not previously disclose any autopsy photos, and (2) the alleged murder weapons were never presented at trial.  At trial, Dr. [Wayne K.] Ross was called to the stand to testify about the autopsy he performed on the victim.  The Commonwealth, during it[]s direct examination of Dr. Ross, presented a packet of photographs marked as "Commonwealth's Number 19," which Dr. Ross confirmed that these photographs were taken to "document the findings" he made during the autopsy.  When examining the packet of photographs, Dr. Ross testified to them as different injuries on the victim's actual body.  Additionally, Dr. Ross used a body diagram, marked as ["]Commonwealth's Number 20,["] to document where the injuries were located on the victim's body. At trial, the record is devoid of any objections made regarding the alleged failure to disclose.  As for the alleged failure to present the murder weapons at trial, the record is clear that this act was performed:

[THE COMMONWEALTH]: Your Honor, I would note for the record that laid out here in front of the bench are Commonwealth's 6, 7, and 8 as one group, and Commonwealth's 9 and 10 as a second group, the[n] Number 11. And I had the opportunity to speak with defense counsel over the break. Defense counsel will stipulate that there are no issues with regard to chain of custody. 6, 7, and 8, if we open that up, those items up, will form one knife…[.] Number 9, Number 10, same. If we open those up, [they] would form the second knife. Finally, Number 11 would be that large bent butcher knife that was recovered from the scene, as well.

Therefore, [Appellant] is incorrect in stating that the murder weapons were not presented at trial. [Appellant] cannot be afforded relief under this exception to the timelines[s] requirement as this [c]ourt finds no governmental interference.

Second, [Appellant] claims that 42 Pa.C.S. § 9545(b)(1)(ii) should apply. This exception allows for filing of an untimely PCRA when "the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by due diligence." [Appellant] avers the following "exculpatory after-discovered evidence" under this exception: (1) Kienna Cowan, (2) Porshia Garcia, (3) no autopsy photo, (4) no weapons displayed at trial, (5) Detective Bryan Freysz leading [Appellant] into an illegal confession, (6) victim's finger prints on the murder weapon, (7) the fight that took place at trial, and (8) the President Judge's sexual relationship with the victim's mother. At the outset, it must be noted that the Superior Court previously discussed claims brought by [Appellant] … relating to issues 1, 2, and 6. With regard to the testimony of Kienna Cowan and Porschia Garcia, the Superior Court found:

Instantly, in addition to Garcia, the Commonwealth produced two additional eyewitnesses, the victim's sister[, Kienna Cowan,] and another next[-]door neighbor. Both testified to circumstances that were consistent with Garcia's account. In addition, the Commonwealth produced a host of physical evidence in support of its position that the victim was stabbed over 80 times, while Appellant did not suffer one stab wound. Accordingly, even if admissible evidence about Garcia's prior arrests or convictions existed, and was discovered by counsel or disclosed by the Commonwealth, the outcome of the trial would not have been different.

- 5 -

Further, the issue of the victim's fingerprints being on the murder weapon was also discussed by the Superior Court:

> Here, the PCRA court concluded that this evidence was not exculpatory: "[Appellant] fails to prove how the victim's fingerprints on a kitchen knife located in her home exculpates any guilt." The record supports this conclusion. Where Appellant stabbed the victim over eighty times without being stabbed once himself, the existence of the victim's fingerprints on her own kitchen knives is certainly not material to his guilt or innocence. Accordingly, we agree with the PCRA court that this claim fails.

Therefore, [Appellant]'s claims of exculpatory evidence regarding these issues are without merit under this exception.

Turning to the issues regarding the autopsy photos and murder weapons, those issues have been discussed under the governmental interference exception above. As such, these pieces of evidence, since introduced at trial, are not considered "after-discovered evidence" and [Appellant] is not afforded relief for those issues. Next, [Appellant] supports the allegation that Detective [Brian] Freysz lead [*sic*] him into an illegal confession by claiming he told the detective he "blacked out" and could not recall any details of the murder "beyond the scope of the struggle for the knife" and that "any other information attained by Detective Freysz was led by him in order to gain a confession out of [Appellant]." [Appellant] does not provide any additional information on how he was led into an illegal confession. Additionally, what [Appellant] is alleging is not considered "after-discovered evidence" and [Appellant] cannot be afforded relief on this issue.

[Appellant]'s last two claims under the "after-discovered evidence" exception are without merit and do not afford [Appellant] with any relief. First, [Appellant] claims a fight took place during trial. [Appellant] provides no explanation to why this would be considered after-discovered evidence and as such, he cannot obtain relief from this claim. [Appellant]'s final claim for relief under this exception is that he has discovered, at some point after the trial, that [the trial court] engaged in adulterous conduct with the victim's mother. [Appellant] provides no support for this outrageous allegation and as such is not afforded relief.

[Appellant] cannot be afforded relief under this exception to the timelines[s] requirement as this [c]ourt finds that none of the issues raised are considered "after-discovered evidence."

Lastly, [Appellant] claims that 42 Pa.C.S. § 9545(b)(1)(iii) should apply. This exception allows for filing of an untimely PCRA when "the right asserted is a Constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in the PCRA and was held by the court to apply retroactively." Although [Appellant] states that this exception applies, his Petition is devoid of any allegations arising under this exception. Therefore, [Appellant] cannot be afforded relief under this exception to the timeliness requirement.

Therefore, [Appellant]'s claims are untimely and no exception applies. As a result, the [c]ourt has no authority to hear the merits of [Appellant]'s claims.

Rule 907 Notice, 7/17/25, at unnumbered 4-8 (internal citations omitted).

Appellant filed a motion for an extension of time to file a response to the Rule 907 notice due to a delay in service. On August 14, 2025, the court issued an order denying Appellant's motion for an extension of time and an order dismissing his Amended Petition as untimely. The court adopted the rationale set forth in its Rule 907 notice. **See** PCRA Court Order, 8/14/25, at unnumbered 1. Appellant filed a timely, *pro se* notice of appeal.[1] Appellant then filed a timely, court-ordered Pa.R.A.P. 1925(b) statement adopting the attachment to his Amended Petition titled "Governmental Interference –

---

[1] We note that this appeal was initiated by the filing of a "Petition for Permission to Appeal" in this Court on August 29, 2025, docketed at No. 55 MDM 2025. However, by order entered on September 9, 2025, this Court directed the petition be accepted as a notice of appeal from the order dismissing Appellant's PCRA petition. **See** Pa.R.A.P. 1316(a) (providing the appellate court shall treat a request for discretionary review of an order that is immediately appealable as a notice of appeal if a party has filed a timely petition for permission to appeal).

Statement of Facts" as his Rule 1925(b) statement. The PCRA court subsequently filed its Rule 1925(a) opinion on October 21, 2025, relying on its analysis in its Rule 907 notice.

Before addressing the issues Appellant raises on appeal, we note this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). Additionally, the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, section 9545(b)(2) requires any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2016, after a panel of this Court affirmed his judgment of sentence and he did not seek further review with our Supreme Court.  Thus, his petition filed in 2025 is untimely, and Appellant must prove he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b) for this Court to have jurisdiction.

Initially, we cannot discern if Appellant has met any timeliness exception because his brief is wholly deficient.  Appellant's brief is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(4) (requiring a statement of the questions involved); Pa.R.A.P. 2111(a)(5) (requiring a statement of the case); and Pa.R.A.P. 2111(a)(6) (requiring a summary of argument).  In addition, the brief is devoid of citations to the certified record and it lacks meaningful citation to legal authority, as required by Pa.R.A.P. 2119(c) and (b), respectively.

Further, the argument section of Appellant's brief is only marginally intelligible. Appellant seemingly raises eight issues involving ineffectiveness of his original PCRA counsel, a challenge to the PCRA court's denial of his motion for an extension of time to respond to the Rule 907 notice, a violation of his Rule 600 rights, and various allegations that evidentiary rules and his constitutional rights were violated. However, his "argument" is a stream-of-consciousness full of bald assertions. Appellant's brief quotes portions of the PCRA court's opinion, inserts portions of what appears to be the *Turner/Finley* letter and this Court's memorandum from the litigation of his initial PCRA petition, and blends issues together despite an attempt at organizational headings. Appellant's brief fails to include any pertinent citation of authorities or discussion to support his position, nor does he state a clear basis for relief. Notably, Appellant's brief fails to provide any argument supported by legal authority as to why his issues meet any section 9545 timeliness exception. Previously, this Court has held:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.

> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). Appellant's *pro se* status does not excuse these deficiencies. "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Commonwealth v. Freeland*, 106 A.3d 768, 776 (Pa. Super. 2014) (internal quotation marks omitted).

Appellant's complete disregard for the Rules of Appellate Procedure have left this Court unable to conduct meaningful review. *See, e.g.*, *Commonwealth v. Sanford*, 445 A.2d 149, 151 (Pa. Super. 1982) (declining to address merits of appeal because the brief was "so defective as to preclude effective, appellate review"). Accordingly, we find Appellant's claims waived.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/2/2026

- 11 -